**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| **COMMUNITY VOICELINE, LLC, a Maryland Limited Liability Company,**<br><br>　　**Plaintiff,**<br><br>　　　　**vs.**<br><br>**GREAT LAKES COMMUNICATION CORP., an Iowa Corporation,**<br><br>　　**Defendant.** | **Case No.: 12-cv-4048-MWB**<br><br>**DEFENDANT GREAT LAKES COMMUNICATION CORP.'S MOTION FOR DENIAL OR CONTINUANCE OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING DISCOVERY [FRCP 56(d)]; AND**<br><br>**REQUEST FOR EXPEDITED RULING PURSUANT TO LOCAL RULE 7(j)** |

COMES NOW, Defendant, Great Lakes Communication Corp. ("Great Lakes"), by and through its undersigned counsel, and for its Motion for Denial or Continuance of Plaintiff's Motion for Partial Summary Judgment Pending Discovery pursuant to FRCP 56(d); and Request for Expedited Ruling pursuant to LR 7(j) states the following:

## I.　**INTRODUCTION**

This lawsuit stems from an unwritten agreement between Plaintiff and Great Lakes relative to the provision of certain telecommunication services. No discovery has transpired, as the lawsuit was recently filed and the parties have not even engaged in a Rule 26(f) conference. At the same time, this dispute is not as simple as Plaintiff would have the Court believe since the nature, scope, terms and conditions of the unwritten agreement are in dispute. In addition, Great Lakes has asserted various Affirmative Defenses, many of which require written discovery and depositions to establish a factual record sufficient to defeat Plaintiff's Motion for Partial Summary Judgment.

Furthermore, most or all discovery issues which emanate from Plaintiff's Motion for Partial Summary Judgment (which only seeks damages relative to February and March

1

2012 payments) will likely be implicated with respect to a claim for damages for the April 2012 timeframe. Plaintiff, along with Great Lakes, requires discovery to address the alleged lack of payment for April 2012, which would presumably be the subject of a subsequent summary judgment motion. Furthermore, even if Plaintiff prevailed on the pending Motion for Partial Summary Judgment, it would not be entitled to payment from Great Lakes because a final judgment would not be entered until the remainder of the case was resolved. As such, the issues can and should be addressed in a singular summary judgment motion which, if actually granted, would lead to a resolution of this dispute at the District Court level. Therefore, judicial economy would be furthered if the Court deferred summary judgment motions until a later date.

Based upon the foregoing, Great Lakes requests the Court either deny Plaintiff's Motion for Partial Summary Judgment or continue the motion until Great Lakes has been afforded an opportunity to conduct sufficient discovery, and respectfully requests an expedited ruling since Great Lakes' resistance to Plaintiff's Motion for Partial Summary Judgment is otherwise due on July 26, 2012.

II.  **THE COURT SHOULD DENY PLAINTIFF'S PREMATURE MOTION OR GRANT A CONTINUANCE TO ALLOW RELEVANT DISCOVERY**

A.  **Applicable Legal Authority**

Federal Rule of Civil Procedure 56(d) specifically permits the (1) denial of a summary judgment motion; or (2) continuance of a summary judgment motion to permit the opposing party to take discovery before adequately responding to the motion, when the nonmoving party cannot present facts essential to its preparation of an opposition. In this regard, Rule 56(d) states as follows:

> (d)  When Facts Are Unavailable to the Nonmovant. If a

2

nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1)     defer considering the motion or deny it;
>
> (2)     allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)     issue any other appropriate order.

In addition, Local Rule 56(h) requires such a request be presented in a separate motion. See LR 56(h).[1]

The purpose of the rule is "to provide an additional safeguard against an improvident or premature grant of summary judgment…." McCabe v. Macaulay, 450 F. Supp.2d 928, 933 (N.D. Iowa 2006) (quoting United States ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002)). Thus, "the rule should be applied with a spirit of liberality." McCabe, supra, 450 F.Supp.2d at 933, quoting Casino Magic, supra, 293 F.3d at 426.

"Th[e] rule facilitates the principle that 'summary judgment is proper only after the nonmovant has had adequate time for discovery.'" Syngenta Seeds, Inc. v. Bunge North America, Inc., 2012 WL 13551, *2 (slip copy, January 4, 2012) (quoting Ray v. American Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010), quoting In re TMJ Litigation, 113 F.3d 1484, 1490 (8th Cir. 1997)); McCabe, supra, 450 F.Supp.2d at 933 ("Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery") (quoting Robinson v. Terex. Corp., 439 F.3d 465, 467 (8th Cir. 2006)); see also Palmer v. Tracor, Inc., 856 F.3d 1131, 1133 (8th Cir. 1988) (denying motion for summary judgment as premature since nonmoving party had not yet

---

[1] The current version of the Local Rules was approved on December 1, 2009; since that time, Federal Rule of Civil Procedure 56 has been amended and, as relevant here, Rule 56(f) was moved to Rule 56(d).

conducted discovery); <u>see also</u> <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1238 (8th Cir. 1997).

Furthermore, the Eighth Circuit recognizes "summary judgment is a drastic remedy and must be exercised with extreme care to prevent taking genuine issues of fact away from juries." <u>Hargens v. U.S. Dept. of Agriculture</u>, 865 F.Supp. 1314, 1318 (N.D. Iowa 1994) (quoting <u>Wabun–Inini v. Sessions</u>, 900 F.2d 1234, 1238 (8th Cir. 1990)).

To succeed with a Rule 56(d) motion, the nonmoving party must only present some specific facts which further discovery might unveil. <u>McCabe</u>, <u>supra</u>, 450 F.Supp.2d at 933 (citing and quoting <u>Casino Magic</u>, <u>supra</u>, 293 F.3d at 426). As set forth below, Great Lakes meets its burden in this regard.

### B. Great Lakes Should be Afforded an Opportunity to Conduct Discovery Relative to the Nature, Scope, Terms and Conditions of the Parties' Unwritten Agreement

This lawsuit stems from an unwritten agreement between Plaintiff and Great Lakes relative to the provision of certain telecommunication services. Through the unwritten agreement, Great Lakes agreed to pay Plaintiff certain marketing fees or commissions on collected access revenues.

In short, Plaintiff contends summary judgment as to Count I of its Complaint (breach of contract) is appropriate merely because Great Lakes "admitted the existence of the Agreement" and "admitted it has not paid [Plaintiff]." <u>See</u> Plaintiff's Motion (Docket No. 16) at ¶¶ 2-3. To the contrary, Great Lakes only admitted the existence of *an* agreement but denied various allegations regarding the terms and conditions of the unwritten agreement. <u>See</u> Amended Answer (Docket No. 15) at, e.g., ¶¶ 7, 10, 13, 15, 16. In addition, while Great Lakes does admit, through its Answer, that it has not paid Plaintiff relative to any telecommunications traffic occurring from February through April 2012, Great Lakes has

4

not admitted Plaintiff is entitled to any payment at this time and has denied collecting all fees and revenue from the long-distance carriers relative to the traffic at issue.  Id. Admittedly, the document attached as Exhibit A to Plaintiff's Motion for Partial Summary Judgment contains a monthly traffic report for February and March 2012 as prepared by Great Lakes.  See Id. at ¶ 11.  However, the creation of Exhibit A does not lead to the conclusion Plaintiff is entitled to the corresponding payment set forth on the document; rather, it merely establishes the call volume and corresponding payment which Plaintiff would be entitled if (1) all other conditions precedent in the parties' agreement regarding payment to Plaintiff have been satisfied; and (2) none of Great Lakes' Affirmative Defenses preclude recovery.  Discovery is necessary to address these issues.

As explained above, Rule 56(d) "facilitates the principle that 'summary judgment is proper only after the nonmovant has had adequate time for discovery.'"  Syngenta Seeds, supra, 2012 WL 13551 at *2; McCabe, supra, 450 F.Supp.2d at 933; Robinson, supra, 439 F.3d at 467; Palmer, supra, 856 F.3d at 1133.  As such, "the rule should be applied with a spirit of liberality."  McCabe, supra, 450 F.Supp.2d at 933, quoting Casino Magic, supra, 293 F.3d at 426.  Here, Great Lakes has not been given the opportunity to conduct *any* discovery whatsoever.  See Fed.R.Civ.P. 26(d) (indicating that discovery can only commence after the parties have engaged in a Rule 26(f) conference).  This is problematic because the nature, scope, terms and conditions of the unwritten agreement need to be fleshed out and evidenced through discovery.

There are several specific facts discovery might unveil which would defeat summary judgment.  Those specific facts may include, inter alia:

- the inclusion in the agreement of conditions precedent to payment and/or obligations imposed on Plaintiff which were prerequisites to payment and a

5

finding that such conditions were not met or such obligations were unsatisfied;

- the inclusion in the agreement of terms and conditions relative to the timing and method of payments to Plaintiff;

- the agreement was amended through successive oral agreement(s);

- the terms and conditions of the agreement previously expired; and

- the parties' course of dealings or industry standards provide relevant guidance regarding the parties' intentions and/or lead the Court to interpret the agreement's terms and conditions in Great Lakes' favor.

Great Lakes should be afforded an opportunity to conduct discovery regarding the nature, scope, terms and conditions of the agreement. A contractual agreement requires a meeting of the minds. Plaintiff's understanding of the agreement's nature, scope, terms and conditions is necessary to determine, among other things, whether the parties had a meeting of the minds regarding various terms and conditions and, if so, what that mutual understanding included. Nowhere in Plaintiff's Complaint or Motion for Partial Summary Judgment does Plaintiff set forth any specific terms and conditions regarding the alleged agreement. Contracts – particularly those involving telecommunications services – are not always as simple as "I provided a service, you need to pay me." To the contrary, there are typically conditions precedent and other terms and conditions which impact the parties' respective obligations. Triable issues of fact likely exist in this regard, and discovery is warranted to address these issues before any summary judgment motions are addressed. Among other things, Plaintiff's corporate representatives will need to be deposed regarding their understanding of the agreement, interrogatories and document requests will need to be served upon Plaintiff, and the parties need to exchange their Rule 26 Initial Disclosures.

6

**C.** **Great Lakes Should Be Afforded an Opportunity to Conduct Discovery Relative to Its Affirmative Defenses**

Great Lakes has asserted thirteen various Affirmative Defenses, several of which require written discovery and depositions to establish a factual record sufficient to defeat Plaintiff's Motion for Partial Summary Judgment. The specific facts which discovery might unveil relative to Great Lakes' Affirmative Defenses include, inter alia:

- Relative to Great Lakes' frustration of purpose defense: facts showing Defendant's performance was excused because the purpose for which the parties entered into the agreement was frustrated by an unforeseen event

- Relative to Great Lakes' unclean hands defense: facts indicating Plaintiff acted improperly/unethically in relation to the transactions at issue

- Relative to Great Lakes' unjust enrichment defense: facts indicating Plaintiff would be unjustly enriched if awarded the relief sought and/or facts showing it would be inequitable under the circumstances to award the relief sought

- Relative to Great Lakes' estoppel and waiver defenses: facts leading to the conclusion that Plaintiff is unable to assert a right due to its wrongdoing or facts showing Plaintiff's intentional relinquishment of a right

- Relative to Great Lakes' defense that the Complaint is barred, in whole or in part, under principles of recoupment and set-off: facts showing Plaintiff was overpaid previously or otherwise received more money than it was entitled

- Relative to Great Lakes' defense that its performance was excused because Plaintiff materially breached any relevant agreement: facts regarding the terms and conditions of the agreement and related facts which demonstrate a material breach

- Relative to Great Lakes' defense that the Complaint fails to state a claim upon which relief may be granted: among other things, facts showing the agreement included conditions precedent to payment and/or imposed obligations on Plaintiff which were not met or satisfied

- Relative to Great Lakes' defense that its performance was excused because of a unilateral or mutual mistake; facts showing a lack of "meeting of the minds" by the parties relative to the material contractual terms

Clearly, there are many pertinent facts which discovery might unveil relative to Great

7

Lakes' Affirmative Defenses. Great Lakes should be afforded an opportunity to conduct discovery before Plaintiff's Motion for Partial Summary Judgment is addressed.

> **D.    Plaintiff's Motion for Partial Summary Judgment is Premature Because Plaintiff Itself Requires Discovery to Address Portions of Its Claim**

It bears noting that *Plaintiff itself* requires discovery to address its alleged lack of payment for April 2012, as it admittedly lacks evidence to support a claim for such damages. See Plaintiff's Brief (Docket No. 16-2) at 1-2. Most or all discovery issues which emanate from Plaintiff's Motion for Partial Summary Judgment (which seeks damages relative to February and March 2012 payments) will presumably be implicated with respect to a claim for damages for the April 2012 timeframe.

In addition, even if Plaintiff prevailed on the pending Motion for Partial Summary Judgment, it would not be entitled to payment from Great Lakes because a final judgment would not be entered until the remainder of the case was resolved. Thus, there is nothing to be gained through the pending, premature motion, which would likely be followed by a further summary judgment motion. To the contrary, the issues can be addressed in a singular summary judgment motion which, if actually granted, would lead to a resolution of this dispute (absent appeal). As such, judicial economy would be furthered if the Court deferred summary judgment motions until a later date.

## III.    <u>REQUEST FOR EXPEDITED RELIEF</u>

Great Lakes' resistance to Plaintiff's pending Motion for Partial Summary Judgment is currently due on July 26, 2012. As such, pursuant to Local Rule 7(j), Great Lakes respectfully requests an expedited ruling on this motion.

## IV.    <u>CONCLUSION</u>

Great Lakes requests the Court deny the Motion for Partial Summary Judgment or

continue the motion until Great Lakes has been afforded an opportunity to conduct sufficient discovery, and respectfully requests an expedited ruling on the instant motion.

GOOSMANN LAW FIRM, P.L.C.

BY:   /s/ Anthony L. Osborn
JEANA L. GOOSMANN, AT0002984
ANTHONY L. OSBORN, AT0009513
410 Fifth Street
Sioux City, IA 51101
Phone: (712) 226-4000
Fax: (712) 224-4517
jeana@goosmannlaw.com
anthony@goosmannlaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2012, a copy of the foregoing was served by filing and uploading into the ECF system.

/s/ Anthony Osborn
Anthony Osborn