IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY VOICELINE, LLC, a Maryland Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa Corporation,<br><br>Defendant. | Case No.: 12-cv-4048-MWB<br><br>**AFFIDAVIT OF ANTHONY L. OSBORN IN SUPPORT OF DEFENDANT GREAT LAKES COMMUNICATION CORP.'S MOTION FOR DENIAL OR CONTINUANCE OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING DISCOVERY [FRCP 56(d)]; AND**<br><br>**REQUEST FOR EXPEDITED RULING PURSUANT TO LOCAL RULE 7(j)** |

I, Anthony Osborn, declare under penalty of perjury as follows:

1. I am counsel for Defendant, Great Lakes Communication Corp. ("Great Lakes") in the above-captioned proceeding.

2. I have personal knowledge of the information contained herein.

3. This lawsuit stems from an unwritten agreement between Plaintiff and Great Lakes relative to the provision of certain telecommunication services.

4. No discovery has transpired in this lawsuit, which was recently filed. In addition, the parties have not engaged in a Rule 26(f) conference.

5. I believe in good faith that there are facts currently unavailable to Great Lakes which could be unveiled through written discovery and depositions which could permit Great Lakes to defeat Plaintiff's pending Motion for Partial Summary Judgment.

6. There are several specific facts discovery might unveil which would defeat summary judgment. Those specific facts could include, inter alia:

1

a. the inclusion in the unwritten agreement of conditions precedent to payment and/or obligations imposed on Plaintiff which were prerequisites to payment and a finding that such conditions were not met or such obligations were unsatisfied;

b. the inclusion in the unwritten agreement of terms and conditions relative to the timing and method of payments to Plaintiff;

c. the agreement was amended through one or more oral agreement(s);

d. the terms and conditions of the agreement expired previously; and

e. the parties' course of dealings or industry standards provide relevant guidance regarding the parties' intentions and/or lead the Court to interpret the agreement's terms and conditions in Great Lakes' favor.

7. Great Lakes should be afforded an opportunity to conduct discovery regarding the nature, scope, terms and conditions of the agreement. Discovery is warranted to address these issues before any summary judgment motions are addressed. Among other things, Plaintiff's corporate representatives will need to be deposed regarding their understanding of the agreement, interrogatories and document requests will need to be served upon Plaintiff, and the parties need to exchange their Rule 26 Initial Disclosures.

8. Great Lakes has asserted thirteen various Affirmative Defenses, several of which require written discovery and depositions to establish a factual record sufficient to defeat Plaintiff's Motion for Partial Summary Judgment. The specific facts which discovery might unveil relative to Great Lakes' Affirmative Defenses include, inter alia:

a. Relative to Great Lakes' frustration of purpose defense: facts showing Defendant's performance was excused because the purpose for which the parties entered into the unwritten agreement was frustrated by an unforeseen event;

  b. Relative to Great Lakes' unclean hands defense: facts indicating Plaintiff acted improperly/unethically in relation to the transactions at issue;

  c. Relative to Great Lakes' unjust enrichment defense: facts indicating Plaintiff would be unjustly enriched if awarded the relief sought and/or facts showing it would be inequitable under the circumstances to award the relief sought;

  d. Relative to Great Lakes' estoppel and waiver defenses: facts leading to the conclusion that Plaintiff is unable to assert a right due to its wrongdoing or facts showing Plaintiff's intentional relinquishment of a right;

  e. Relative to Great Lakes' defense that the Complaint is barred, in whole or in part, under principles of recoupment and set-off: facts showing Plaintiff was overpaid previously or otherwise received more money than it was entitled;

  f. Relative to Great Lakes' defense that its performance was excused because Plaintiff materially breached any relevant agreement: facts regarding the terms and conditions of the agreement and related facts which demonstrate a material breach;

  g. Relative to Great Lakes' defense that the Complaint fails to state a claim upon which relief may be granted: among other things, facts showing the agreement included conditions precedent to payment and/or imposed obligations on Plaintiff which were not met or satisfied; and

  h. Relative to Great Lakes' defense that its performance was excused because of a unilateral or mutual mistake; facts showing a lack of "meeting of the minds" by the parties relative to the material contractual terms.

  9. There are many pertinent facts which discovery might unveil relative to Great Lakes' Affirmative Defenses. As such, Great Lakes should be afforded an opportunity

3

Case 5:12-cv-04048-MWB-LTS   Document 17-1   Filed 07/13/12   Page 3 of 4

to conduct discovery before Plaintiff's Motion for Partial Summary Judgment is addressed.

10. I believe most or all the discovery issues which emanate from Plaintiff's Motion for Partial Summary Judgment (which only seeks damages relative to February and March 2012 payments) will likely be implicated with respect to a claim for damages for the April 2012 timeframe. Plaintiff, along with Great Lakes, requires discovery to address the alleged lack of payment for April 2012, which would presumably be the subject of a subsequent summary judgment motion. Furthermore, even if Plaintiff prevailed on the pending Motion for Partial Summary Judgment, I do not believe it would be entitled to payment from Great Lakes because a final judgment would not be entered until the remainder of the case was resolved. As such, the issues can and should be addressed in a singular summary judgment motion which, if actually granted, would lead to a resolution of this dispute at the District Court level. Therefore, I believe judicial economy would be furthered if the Court deferred summary judgment motions until a later date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on July 13, 2012 in Sioux City, Iowa.

    /s/Anthony Osborn
Anthony L. Osborn

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July, 2012, a copy of the foregoing was served by filing and uploading into the ECF system.

/s/ Anthony Osborn
Anthony Osborn