IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY VOICELINE, LLC, a Maryland Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa Corporation,<br><br>Defendant. | Case No.: 12-cv-4048-MWB<br><br>DEFENDANT GREAT LAKES COMMUNICATION CORP.'S REPLY TO RESISTANCE TO MOTION FOR DENIAL OR CONTINUANCE OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING DISCOVERY [FRCP 56(d)]; AND<br><br>REQUEST FOR EXPEDITED RULING PURSUANT TO LOCAL RULE 7(j) |

COMES NOW, Defendant, Great Lakes Communication Corp. ("Great Lakes"), by and through its undersigned counsel, and submits the following Reply to Plaintiff's Resistance (Docket No. 19) to Great Lakes' Motion for Denial or Continuance of Plaintiff's Motion for Partial Summary Judgment Pending Discovery pursuant to FRCP 56(d); and Request for Expedited Ruling pursuant to LR 7(j) (Docket No. 17):

**I.   GREAT LAKES' MOTION IS NOT A MERE DELAY TACTIC AND IS MORE THAN SUFFICIENT UNDER RULE 56(D)**

Contrary to Plaintiff's assertion, Great Lakes' motion is not a mere delay tactic. Rather, it is a motion seeking appropriate relief, pursuant to applicable procedural rules, to ensure it is allowed its day in court. While Plaintiff seeks to plow this matter into the summary judgment arena, and while Plaintiff might be frustrated with the procedural rules implemented to control such plowing, Great Lakes is entitled to the relief sought.

**II.   PLAINTIFF'S RESISTANCE MISCHARACTERIZES GREAT LAKES' ADMISSIONS**

Plaintiff's Resistance contains several mischaracterizations regarding the facts which Great Lakes has admitted relative to this dispute. For example, Plaintiff contends

1

Great Lakes "does not deny or rebut that the amount claimed by CVL for the February and March time frame is correct," and further contends Great Lakes does not "rebut any allegation of CVL's Motion for Partial Summary Judgment." See Plaintiff's Resistance at 2. In reality, however, Great Lakes only admitted the existence of *an* agreement but denied various allegations regarding the terms and conditions of the unwritten agreement. See Amended Answer (Docket No. 15) at, e.g., ¶¶ 7, 10, 13, 15, 16. In addition, while Great Lakes admits it has not paid Plaintiff relative to any telecommunications traffic from February through April 2012, it has not admitted Plaintiff is entitled to any payment at this time and has denied collecting all fees and revenue from the long-distance carriers relative to the traffic at issue. Id. In this regard, it is telling that Plaintiff's Resistance states that Great Lakes has "admitted *virtually* all of the elements of an action for breach of contract." See Plaintiff's Resistance at 1 (emphasis added). That is indeed true. However, admitting some elements of a cause of action, while denying others, does not lead to summary judgment. This is not, after all, a game of horseshoes or hand grenades.

The numerous authorities cited in Great Lakes' moving papers establish and recognize consistently that summary judgment is proper only after the nonmovant has had adequate time for discovery, and that Rule 56(d) should be applied with a spirit of liberality. Consistent with those authorities, Great Lakes should be given the opportunity to conduct discovery before being forced to respond to what is otherwise a "summary judgment by ambush" tactic.

**III.　THE FACTS WHICH DISCOVERY MIGHT UNVEIL ARE NOT WITHIN GREAT LAKES' KNOWLEDGE OR CONTROL**

Plaintiff contends "no *additional* discovery is necessary as all facts are within the knowledge or control of defendant." See Plaintiff's Resistance at 3 (emphasis added). First

2

and foremost, no discovery has transpired so any discovery allowed would not be "additional," it would be "initial." Second, Plaintiff's contention is simply not true.

There are several specific facts discovery might unveil which would defeat summary judgment and which are not within Great Lakes' control or knowledge at this time. Great Lakes should be afforded an opportunity to conduct discovery regarding the nature, scope, terms and conditions of the agreement. Plaintiff's understanding of the agreement's nature, scope, terms and conditions is necessary to determine, among other things, whether the parties had a meeting of the minds regarding various terms and conditions and, if so, what that mutual understanding included; *Great Lakes' understanding of the agreement is only one piece of the puzzle.* Nowhere in the Court's file does Plaintiff set forth any specific terms and conditions regarding the alleged agreement. Triable issues of fact likely exist in this regard, and discovery (corporate deposition, interrogatories and document requests, in addition to Rule 26 Initial Disclosures) is warranted to address these issues before any summary judgment motions are addressed.

In addition, there are several specific facts discovery might unveil relative to Great Lakes' Affirmative Defenses which are not within Great Lakes' control or knowledge at this time. Some of those potential facts are set forth in Great Lakes' moving papers. Plaintiff's self-serving conclusion that all of the facts which Great Lakes needs to prove one or more those Affirmative Defenses apply to this dispute does not change the fact that Great Lakes has satisfied its obligations under Rule 56(d) and should be entitled to conduct discovery before responding to the Motion for Partial Summary Judgment.

## IV. JUDICIAL ECONOMY SUPPORTS A CONTINUANCE OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

As explained in Great Lakes' moving papers, Plaintiff itself requires discovery to

3

address its alleged lack of payment for April 2012. In addition, even if Plaintiff prevailed on its pending motion, it would not be entitled to payment because a final judgment would not be entered until the remainder of the case was resolved. <u>See, e.g.</u>, <u>Liberty Mutual Ins. Co. v. Wetzel</u>, 424 U.S. 737, 740 (1976); <u>Cohen v. Curtis Publishing Co.</u>, 333 F.2d 974, 978 (8th Cir. 1964). Thus, there is nothing to be gained through the pending, premature motion, which would likely be followed by a further summary judgment motion. To the contrary, the issues can be addressed in a singular summary judgment motion which, if actually granted, would lead to a resolution of this dispute. Thus, judicial economy would be furthered if the Court deferred summary judgment motions until a later date.

**V.      GREAT LAKES' POSITION IN RESPONSE TO THE COURT'S JULY 13, 2012 ORDER**

The Court's Order Setting Expedited Deadlines For Response To Defendant's Rule 56(d) Motion (Docket No. 18) directs the parties to address, if the Court finds this motion should be granted, whether "it is more appropriate (a) to deny the Plaintiff's Motion For Partial Summary Judgment without prejudice to reassertion nearer the dispositive motion deadline, which has not yet been set, or (b) to continue the Motion For Partial Summary Judgment to allow for a shorter period of targeted discovery before a response to that motion is due." In response, Great Lakes submits option (a) is more appropriate.

There are numerous issues relative to (1) the nature, scope, terms and conditions of the unwritten agreement; and (2) Great Lakes' various Affirmative Defenses, both of which require discovery. As such, Great Lakes believes it could be difficult to establish an overly short period of time for targeted discovery. However, Great Lakes would be amenable to a dispositive motion deadline that is a few months earlier than the deadline which the parties and the Court, respectively, might "typically" request or establish. Finally, if the

4

Court is inclined to deny Great Lakes' instant motion, Great Lakes would, as a position of last resort, be amenable to a shorter period of time for targeted discovery prior to filing a resistance to Plaintiff's Motion For Partial Summary Judgment.

## VI. CONCLUSION

Great Lakes requests the Court deny the Motion for Partial Summary Judgment or continue the motion until Great Lakes has been afforded an opportunity to conduct sufficient discovery, and respectfully requests an expedited ruling.

GOOSMANN LAW FIRM, P.L.C.

BY:   /s/ Anthony L. Osborn
      JEANA L. GOOSMANN, AT0002984
      ANTHONY L. OSBORN, AT0009513
      410 Fifth Street
      Sioux City, IA 51101
      Phone: (712) 226-4000
      Fax: (712) 224-4517
      jeana@goosmannlaw.com
      anthony@goosmannlaw.com
      ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of July, 2012, a copy of the foregoing was served by filing and uploading into the ECF system.

      /s/ Shannon Wilke
      Shannon Wilke