IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY VOICE, L.L.C., a Maryland Limited Liability Company,<br><br>　　　　Plaintiff,<br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa Corporation,<br><br>　　　　Defendant. | No. C 12-4048-MWB<br><br>**ORDER REGARDING DEFENDANT'S RULE 56(d) MOTION** |

_____

　　　　This case is before me on defendant Great Lakes Communications' (GLC's) July 13, 2012, Motion For Denial Or Continuance Of Plaintiff's Motion For Partial Summary Judgment Pending Discovery: And Request For Expedited Ruling Pursuant To Local Rule 7(j) (Rule 56(d) Motion) (docket no. 17).  By Order (docket no. 18), filed July 13, 2012, I required expedited briefing on GLC's Rule 56(d) Motion and specifically directed the parties to address in their briefing the appropriate treatment of the Motion For Partial Summary Judgment, if I find that the Rule 56(d) Motion should be granted, that is, whether to deny plaintiff Community Voice's (CV's) Motion For Partial Summary Judgment without prejudice to reassertion nearer the dispositive motion deadline, which has not yet been set, or to continue the Motion For Partial Summary Judgment to allow for a shorter period of targeted discovery before a response to that motion is due.  I have now received and considered the parties' expedited briefing on the Rule 56(d) Motion.

　　　　Local Rule 56.h, on which GLC's present motion is based, provides as follows:

> 　　　　**h.　Fed.R.Civ.P.56(f) Continuance.**  A request pursuant to Federal Rule of Civil Procedure 56(f) for a continuance of summary judgment proceedings must be by

>separate motion, filed within 14 days after service of the motion for summary judgment, and supported by affidavits, as required by Federal Rule of Civil Procedure 56(f).

N.D. Ia. L.R. 56.h (2009). Since this version of the Local Rules was approved on December 1, 2009, Rule 56 of the Federal Rules of Civil Procedure was amended, *inter alia*, to place the provisions of former subdivision (f) in subdivision (d), "without substantial change." FED. R. CIV. P. 56, Advisory Committee Notes, 2010 Amendments (effective December 1, 2010). Subdivision (d) of Rule 56 now provides as follows:

>**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>>(1) defer considering the motion or deny it;
>>
>>(2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>>(3) issue any other appropriate order.

FED. R. CIV. P. 56(d) (2010) (formerly Rule 56(f)). Thus, this rule provides an extension of time in which to respond to a summary judgment motion in order to complete further discovery. *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010). This rule facilitates the principle that "'summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting In re TMJ Litig., 113 F.3d 1484, 1490 (8th Cir. 1997)).

As the Eighth Circuit Court of Appeals explained,

>We review a district court's denial of a motion filed under Rule 56(f) [now 56(d)] for abuse of discretion. *See Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1054 (8th Cir. 2007). "Under Rule 56(f) [now 56(d)], a

> party opposing summary judgment may 'seek a continuance and postpone a summary judgment decision,' but 'the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover.'" *Anuforo v. C.I.R.*, 614 F.3d 799, 808 (8th Cir. 2010) (quoting *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999)).

*Marksmeier*, 622 F.3d at 903; *see also Ray*, 609 F.3d at 923 ("To obtain a Rule 56(f) [now 56(d)] continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)). Where an affidavit offered in support of a Rule 56(d) motion fails to meet the rule's requirements, the district court does not abuse its discretion in denying the motion for an extension of time to conduct further discovery. *Id*. A Rule 56(d) motion may also be denied, if the additional information that the movant claims it must discover is not relevant to the opposing party's grounds for summary judgment. *Ray*, 609 F.3d at 923.

There is some merit to CV's argument that further discovery pursuant to Rule 56(d) is not required in this case, because much of the information relevant to GLC's resistance is known to GLC or within its control. At the same time, there is also merit to GLC's position, outlined in its supporting brief and affidavit of counsel, that some of these issues do involve disputed factual issues, as well as disputed legal issues, and that GLC has not yet had adequate opportunity to conduct discovery on these issues, which may be relevant either as to the part of the claim at issue in the Motion For Partial Summary Judgment or as to GLC's affirmative defenses to it. *See* FED. R. CIV. P. 56(d) (permitting further discovery and a delay of disposition of a Rule 56 motion, if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition"). I am persuaded that the additional discovery sought is relevant. *See Ray*, 609 F.3d at 923. Moreover, I am persuaded that GLC has adequately identified what specific facts further discovery might uncover. *Marksmeier*, 622 F.3d at 903. Notwithstanding CV's position that GLC's Rule 56(d) Motion should be denied, I am also persuaded that GLC has the better argument that denial of CV's Motion For Partial Summary Judgment, *without prejudice* to reassertion at a more appropriate time, is the most proper course under the circumstances presented here. *See* FED. R. CIV. P. 56(d)(1). Specifically, there has been no discovery on *any* claim or defense, no proposed scheduling order has been submitted, no discovery deadlines have been set, and CV's Motion For Partial Summary Judgment opens the door to unnecessary and inappropriate piecemeal disposition of issues in this case.

THEREFORE, defendant Great Lakes Communications (GLC's) July 13, 2012, Motion For Denial Or Continuance Of Plaintiff's Motion For Partial Summary Judgment Pending Discovery: And Request For Expedited Ruling Pursuant To Local Rule 7(j) (Rule 56(d) Motion) (docket no. 17) is **granted,** pursuant to Rule 56(d)(1) and (3), to the extent that CV's Motion For Partial Summary Judgment (docket no. 16) is **denied without prejudice to reassertion** at or near the dispositive motion deadline that will be set in this case, agreement of the parties that the issues presented in that motion have been the subject of sufficient discovery to permit consideration by the court, or a showing by CV that sufficient discovery has been had.

**IT IS SO ORDERED**.

**DATED** this 25th day of July, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA