**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| COMMUNITY VOICELINE, L.L.C., a Maryland limited liability company,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa corporation,<br><br>    Defendant/Counterclaim Plaintiff, | No. C 12-4048-MWB<br><br><br>**MEMORANDUM OPINION AND ORDER REGARDING COUNTERCLAIM AND THIRD-PARTY DEFENDANTS' MOTIONS TO DISMISS** |
| GREAT LAKES COMMUNICATION CORP., an Iowa corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>BLITZ TELECOM SERVICES, L.L.C., and ROBERT RUSSELL,<br><br>    Third-Party Defendants. | |

_____

This case originated as a diversity action by Community Voiceline, L.L.C. (CVL), a Maryland limited liability company that provides conference call services, recorded content, audio streams, and other business services, against Great Lakes Communication Corporation (GLCC), an Iowa competitive local exchange carrier (CLEC) that provides local telephone services, other related telecommunications services, and, more specifically, "hosting" of the telephone numbers that CVL's

customers would call to obtain its services. CVL asserts claims for breach of contract and unjust enrichment arising from GLCC's alleged failure to pay CVL a marketing fee or commission from revenues that GLCC collected from originating carriers for calls from CVL's customers to CVL's telephone numbers "hosted" by GLCC.

The pleading now at issue, however, is GLCC's First Amended Counterclaim And Third-Party Complaint (docket no. 42) against CVL, third-party defendant Blitz Telecom Services, L.L.C. (Blitz), another Maryland limited liability company, which describes itself as a reseller of local calling traffic, and third-party defendant Robert Russell, allegedly a resident of Maryland, who is the registered agent and owner of both CVL and Blitz. In its pleading, GLCC refers to CVL, Blitz, and Russell, collectively, as "the Blitz Defendants" and asserts various contract, quasi-contract, and tort claims against them. CVL has moved to dismiss GLCC's First Amended Counterclaim for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement of GLCC's claims. Blitz and Russell have separately moved to dismiss GLCC's First Amended Third-Party Complaint against them for lack of personal jurisdiction.

The parties have attached various affidavits and exhibits in support of and resistance to the pending Motions To Dismiss, and CVL and GLCC have asked that I take judicial notice of various filings in a lawsuit that CVL has brought against a stranger to this litigation in Maryland state court. No party requested a period for targeted discovery or an evidentiary hearing on personal jurisdiction issues, but the movants did request oral arguments on all three of their Motions To Dismiss. My crowded schedule has not permitted the timely scheduling of oral arguments, and I do not find that oral arguments are likely to be beneficial. Thus, the Motions To Dismiss are deemed fully submitted on the written submissions.

CVL seeks dismissal of the First Amended Counterclaim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). As the Eighth Circuit Court of Appeals recently explained,

> We review de novo the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, ___ F.3d ___, 2013 WL 149801, *1-*2 (8th Cir. Jan. 15, 2013) (quoting *Richter*, 686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards). Courts consider "plausibility" by "'draw[ing] on [our own] judicial experience and common sense,'" *Whitney*, 700 F.3d at 1128 (quoting *Iqbal*, 556 U.S. at 679), and "'review[ing] the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Id*. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is

whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id*. at 1129.  Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *[Bell Atl. Corp. v.] Twombly*, 550 U.S. [544,] 555, 127 S.Ct. 1955 [(2007)]).

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).

In assessing "plausibility," as required by the Supreme Court in *Iqbal*, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)).  A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting

5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

Considering only matters properly before me on a Rule 12(b)(6) motion to dismiss,[1] I must conclude that GLCC's pleading adequately alleges sufficient *facts* to support its claims, although just barely. *Whitney*, 700 F.3d at 1129. First, while CVL (and Blitz and Russell) may have sufficient evidence to generate a genuine issue of material fact or even to demonstrate that they are *not* one and the same entity, contrary to GLCC's allegations, on the present procedural footing, I must conclude that GLCC has alleged some facts from which the "identity" of these entities could reasonably be inferred, and I must take GLCC's allegations as true. *Richter*, 686 F.3d at 850. Similarly, the absence of a copy of any agreement on which GLCC's claims are based troubles me deeply, but the Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney*, 700 F.3d at 1128. Rather, I must take GLCC's allegations about the terms of the "one or more agreements" on which its claims are based as true, and those allegations would be sufficient to infer an obligation on the part of "the Blitz Defendants" to indemnify GLCC under certain circumstances. All that I can properly infer from CVL's identification of an agreement—actually attached to Blitz's Reply—that appears to match GLCC's

---

[1] For example, I do not believe that I can consider the Declaration of Robert Russell, the Declaration of Jim Finneran, or the copy of the e-mail attached to the Finneran Declaration, which CVL incorporated into its Reply (docket no. 58) in further support of its Motion To Dismiss. These Declarations and the e-mail are not "necessarily embraced by the pleadings," see *Whitney*, 700 F.3d at 1128, nor are they "public records," and, in fact, they contradict allegations in GLCC's pleading. *Miller*, 688 F.3d at 931. Although these documents might generate genuine issues of material fact as to the truth of certain of GLCC's allegations, I have not and will not convert CVL's present Rule 12(b)(6) Motion To Dismiss, pursuant to Rule 12(d), into a motion for summary judgment in order to consider those documents.

allegations identifying one agreement, but involving only Blitz and a "Great Lakes" entity purportedly incorporated in Nevada, not Iowa, and signed only by one party, is that it is *not* an agreement on which GLCC's claims are or can be based, not that no such agreement or agreements exist.  Third, CVL has cited no authority that Iowa contract law or the purported indemnity provision itself require that a claim must actually have been made by a third party against a party owed indemnification to "trigger" a right to indemnity.  GLCC has alleged the existence of litigation in which there is a reasonable likelihood that a claim could be asserted against it and that "the Blitz Defendants" have repudiated any obligation to indemnify GLCC, when asked if they would do so, *i.e.*, an "anticipatory" breach of the indemnity provision.  Finally, GLCC's pleading satisfies, albeit just barely, the "who, what, when, where, and how" requirements for pleading of fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  *See Freitas v. Wells Fargo Home Mortg., Inc.*, ___ F.3d ___, 2013 WL 149801, *2 (8th Cir. Jan. 15, 2013).  At this stage of the proceedings, the uncertainties asserted by CVL about how, when, and where representations about indemnifying GLCC were made by which specific "Blitz Defendants" are not fatal, where GLCC has adequately alleged that "the Blitz Defendants" are one and the same entity and that the representations at issue are in the alleged indemnity provisions of the alleged agreements, all of which I must take as true.

In the alternative, CVL has moved for a more definite statement of GLCC's claims.  Rule 12(e) authorizes a pre-answer motion "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  In such a motion, the movant "must point out the defects complained of and the details desired." *Id*.  As district courts in this Circuit have explained, "'A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail.'" *Young*


*v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1015 (S.D. Iowa 2009) (quoting *Patterson v. ABS Consulting, Inc.*, No. 4:08CV697RWS, 2009 WL 248683, *2 (E.D. Mo. Feb. 2, 2009), with internal quotation marks and citation omitted). Here, CVL identifies essentially the same lack of detail that it complained of as the basis for its Rule 12(b)(6) motion to dismiss as the basis for its assertion that GLCC's pleading is "convoluted and confusing." I have found that GLCC's pleading adequately alleges a factual basis for its claims, and, for the same reasons, it is not so "unintelligible" that CVL cannot respond to it. Discovery and a more complete record may demonstrate that GLCC's claim that "the Blitz Defendants" are one and the same entity is simply not true and that there is no evidentiary basis for GLCC's claims, but on the present procedural footing, no more definite statement of GLCC's claims is required for CVL to respond to them.

I have considerable doubt that GLCC's pleading would survive a motion for summary judgment on any or all of its claims, but that is not the standard on a Rule 12(b)(6) motion or a Rule 12(e) motion. Thus, CVL's Motion To Dismiss and its alternative Motion For More Definite Statement are both denied.

I turn, next, to the third-party defendants' challenges to personal jurisdiction. Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "lack of personal jurisdiction." As the Eighth Circuit Court of Appeals recently explained,

> "To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir.) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)), *cert. denied*, --- U.S. ----, 131 S.Ct. 472, 178 L.Ed.2d 289 (2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving

> facts supporting personal jurisdiction." *Id.* Its "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* (internal quotation marks omitted).

*Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-75 (8th Cir. 2012). Although I may consider affidavits and other matters outside of the pleadings on a Rule 12(b)(2) motion, the pleader's burden, in the absence of an evidentiary hearing, is only to make a "minimal" *prima facie* showing of personal jurisdiction, and I "must view the evidence in the light most favorable to the [pleader] and resolve all factual conflicts in its favor in deciding whether the [pleader] has made the requisite showing." *K-V Pharm. Co. v. Uriach & CIA, S.A.*, 648 F.3d 588, 581-82 (8th Cir. 2011).

I believe that the third-party defendants' affidavits and exhibits have cast considerable doubt upon GLCC's assertions that they are one and the same entity with CVL and each other, and considerable doubt on whether, as separate entities, they have sufficient contacts with this forum for the exercise of personal jurisdiction over them to be proper. However, on the present procedural footing, where no party has requested an evidentiary hearing to resolve finally the question of personal jurisdiction, I cannot so hold. Rather, viewing the evidence in the light most favorable to GLCC and, more particularly, resolving all factual conflicts in favor of GLCC, I must conclude that GLCC has made the "minimal" *prima facie* showing of personal jurisdiction over Blitz and Russell that is required on the present procedural footing. *K-V Pharm. Co.*, 648 F.3d at 581-82. While a more complete record and proper presentation of the issue might lead to a very different conclusion about personal jurisdiction, the third-party defendants' Rule 12(b)(2) Motions To Dismiss are denied.

THEREFORE, upon the foregoing,

1. Counterclaim defendant CVL's December 7, 2012, Motion To Dismiss First Amended Counterclaim And Third Party Complaint Or In The Alternative For A More Definite Statement (docket no. 45) is **denied** in its entirety;

2. Third-party defendant Blitz's December 7, 2012, Motion To Dismiss First Amended Third Party Complaint (docket no. 46) is **denied**; and

3. Third-party defendant Russell's December 7, 2012, Motion To Dismiss First Amended Third Party Complaint (docket no. 47) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 1st day of February, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA