**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

COMMUNITY VOICE LINE, LLC, a
Maryland Limited Liability Company,

       Plaintiff,

vs.

GREAT LAKES COMMUNICATION
CORP., an Iowa Corporation,

       Defendant.

No. C12-4048-MWB

*ORDER GRANTING PLAINTIFF'S*
*MOTION FOR LEAVE TO FILE*
*SECOND AMENDED COMPLAINT*

_____

### *TABLE OF CONTENTS*

I.     **INTRODUCTION**.................................................................. 2

II.    **BACKGROUND**................................................................. 2

III.   **THE PROPOSED AMENDED COMPLAINT** ....................................... 5

IV.   **ANALYSIS** ................................................................. 7
    A.   *Undue Delay*........................................................ 8
    B.   *Undue Prejudice* .................................................. 10
    C.   *Harassing and Proffered in Bad Faith* ............................. 11
    D.   *Futility of Claims* ................................................ 12
        1.   *Claims Against Nelson* ........................................ 13
        2.   *Claims Against Comity* ........................................ 18
        3.   *Claims Against Audio Now, FM Haiti and Radio France* ........ 20
    E.   *Claims Being Pursued in Maryland State Court*........................ 21

V.    **CONCLUSION** ................................................................ 23

# I.    INTRODUCTION

Plaintiff has filed a motion (Doc. No. 163) for leave to file a second amended complaint. The defendant has filed a resistance (Doc. No. 169) and the plaintiff has filed a reply (Doc. No. 181). No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted.

# II.    BACKGROUND

Community Voice Line, LLC (CVL), commenced this action against Great Lakes Communication Corporation (GLCC) on May 15, 2012, alleging breach of contract and unjust enrichment. Doc. No. 2. In its original complaint, CVL alleged it entered into an agreement with GLCC in July 2009. The agreement provided that GLCC would assign CVL certain designated telephone numbers (Program Numbers). Callers to CVL's Program Numbers would originate their calls through their telecommunications carrier (Originating Carrier), from whom GLCC would collect a fee. GLCC would then pay CVL, as a marketing fee or commission, fifty percent of the fees it collected from the Originating Carrier. CVL alleged GLCC failed to pay CVL the marketing fees/commissions for February 2012 through April 2012, and sought compensatory damages in the amount of $507,359.00 plus interest, costs and fees.[1]

On September 25, 2012, I granted GLCC's unresisted motion to file a second amended answer, counterclaim and third party complaint.[2] Doc. No. 28. In its counterclaim and third party complaint, GLCC alleged it entered into an agreement with not only CVL, but also Blitz Telecom Services, LLC (Blitz Telecom), and Robert

---

[1] CVL changed this amount to $2,092,028.79 in its first amended complaint. Doc. No. 39.

[2] GLCC was granted leave to file a first amended counterclaim and third party complaint on November 16, 2012. Doc. No. 42.

Russell, who is the president and owner of CVL and Blitz Telecom. GLCC alleged this agreement contained an indemnity clause which required CVL, Blitz Telecom and Russell (the "Blitz defendants") to "defend, indemnify, and hold [GLCC] harmless from all claims, investigations, alleged violations, costs (including attorney's fees), liabilities and damages arising from [their] performance under this agreement." Doc. No. 29 at 9. GLCC alleged actual or anticipatory breach of contract, declaratory relief, promissory estoppel, fraudulent misrepresentation, fraudulent inducement, negligent misrepresentation and conspiracy based on the Blitz defendants' refusal to honor the indemnity clause in connection with the disputes of this lawsuit and other pending litigation. Doc. No. 29 ¶ 35.

CVL and the third party defendants filed a motion to dismiss arguing, among other things, that GLCC had not identified any claim against GLCC that would trigger an alleged indemnification obligation. Doc. Nos. 45, 46, 47. In its resistance, GLCC stated that a case pending in a Maryland state court entitled *Community Voice Line, LLC v. Alpine Audio Now, LLC et al.* (the Maryland case) implicated the agreement containing the indemnification provision. Doc. No. 52. In that lawsuit, CVL alleged Alpine Audio Now, LLC (Audio Now), caused GLCC to port CVL's Program Numbers directly to Audio Now and that Audio Now conspired with a GLCC affiliate, Comity Communications, LLC (Comity), to interfere with CVL and GLCC's agreement. At that time, Audio Now alleged GLCC was a necessary party to the lawsuit.[3]

Judge Bennett denied CVL's motion to dismiss. Doc. No. 71. CVL and the third party defendants then filed a motion for summary judgment. Doc. No. 109. GLCC stipulated to the dismissal of the third party defendants and Judge Bennett later granted summary judgment in CVL's favor on all of GLCC's counterclaims. Doc. No. 158.

---

[3] Audio Now's motion to require joinder was denied. *See* Doc No. 169-5 at 3.

While the counterclaim and third party complaint were being litigated, CVL and GLCC engaged in multiple discovery disputes. On November 27, 2012, CVL filed a motion to compel alleging GLCC had not produced certain responsive documents. Doc. No. 44. GLCC filed a resistance and I held a telephonic hearing on January 10, 2013. I issued an order that day giving GLCC a deadline of January 25, 2013, to file supplemental written responses to each document request and to produce any responsive documents. Doc. No. 64.

On April 17, 2013, CVL filed a motion for sanctions alleging GLCC continued to withhold documents despite my order compelling discovery. Doc. No. 73. GLCC filed a resistance and I held a hearing on June 6, 2013. I found that GLCC violated the January 10 order by (a) stating it had produced all "non-privileged documents" that it "located after a reasonable investigation" instead of stating it had no responsive documents in its possession, custody or control and (b) failing to produce all required documents by January 25, 2013. Doc. No. 106. I granted monetary and non-monetary sanctions. In imposing a non-monetary sanction, I barred GLCC from using or offering into evidence any documents, records or data that it did not produce to CVL on or before July 1, 2013, to the extent those materials were within the scope of CVL's specified document requests. Doc. No. 106 at 10. I emphasized that this did not relieve GLCC from its continuing obligation to supplement its responses to discovery requests and if additional documents existed or were found, they had to be produced to CVL. *Id.*

In the meantime, GLCC had also filed motions to compel alleging CVL provided incomplete responses to interrogatories and failed to produce responsive documents. Doc. Nos. 85, 97. CVL filed resistances and I held a telephonic hearing on both motions on July 25, 2013. Those motions were granted in part and denied in part. Doc. No. 127.

Relevant to the current dispute is CVL's supplemental motion for sanctions on July 25, 2013. Doc. No. 113. In that motion, CVL stated GLCC provided a disc

4

containing 492 pages of documents on July 24, 2013. Doc. No. 113 at 2. CVL stated these documents were within the scope of my January 10, 2013, order and CVL's prior document requests. CVL also noted that GLCC had stated it was reviewing documents related to Audio Now, which would be produced by July 29, 2013. These documents, consisting of 227 pages, were produced on that date. Doc. No. 163 at 4. Ultimately, I did not impose additional sanctions, but warned GLCC that any new discovery violations would be subject to sanctions. I gave it a "safe harbor" period to produce any further documents by September 16, 2013. Doc. No. 149 at 3-4. CVL contends it became aware of the factual bases for the proposed new claims as a result of GLCC's July 2013 document production.

### III.    THE PROPOSED AMENDED COMPLAINT

CVL seeks to add five new, named defendants and up to ten unnamed defendants, while expanding its complaint to nineteen counts. The additional defendants are Comity, Audio Now, Josh Nelson (president of GLCC and Comity), France Media Monde t/a Radio France Internationale (Radio France), Signal FM Haiti and various other radio stations identified as John Does (1-10).[4] In addition to the breach of contract and unjust enrichment claims against GLCC, CVL proposes the following causes of action:

|  |  |
|---|---|
| Count III | Promissory Estoppel against GLCC (nonpayment of marketing fees and commissions) |
| Count IV | Breach of Contract against GLCC (interference with existing and future contracts and business relationships) |
| Count V | Unjust Enrichment against GLCC (interference with existing and future contracts and business relationships) |

---

[4] Radio France, Signal FM Haiti and John Does (1-10) are collectively referred to in the proposed second amended complaint as the "Radio Station Defendants".

| | |
|---|---|
| Count VI | Promissory Estoppel against GLCC (interference with existing and future contracts and business relationships) |
| Count VII | Fraudulent Inducement against GLCC and Josh Nelson |
| Count VIII | Fraudulent Misrepresentation against GLCC and Josh Nelson |
| Count IX | Intentional Interference with Existing Contracts and Business Relationships against GLCC, Comity and Josh Nelson |
| Count X | Intentional Interference with Prospective Business Advantage against GLCC, Josh Nelson and Audio Now |
| Count XI | Breach of Contract against Audio Now |
| Count XII | Unjust Enrichment against Audio Now (confidential information) |
| Count XIII | Unjust Enrichment against Audio Now (program numbers) |
| Count XIV | Intentional Interference with Existing Contracts and Business Relationships against Audio Now, Radio France Internacioanale [sic], FM Haiti and John Does (1-10) |
| Count XV | Intentional Interference with Prospective Business Advantage against Audio Now, Radio France Internationale, FM Haiti, and John Does (1-10) |
| Count XVI | Conversion of the Program Numbers against GLCC, Audio Now, Comity |
| Count XVII | Conversion of Confidential Information against GLCC, Audio Now, Comity |
| Count XVIII | Violation of 47 U.S.C.A. § 264 against GLCC |

6

| Count XIV | Civil Conspiracy against GLCC, Audio Now, Comity, Josh Nelson and the Radio Station Defendants |
|---|---|

These additional parties and counts are based on factual allegations that GLCC, Audio Now, Comity and Nelson schemed together to circumvent their agreements with CVL and cut CVL out as a middle man. CVL alleges Audio Now contracted with Comity, signed a marketing contract with GLCC and then terminated its contract with CVL. GLCC then ported CVL's Program Numbers to Audio Now.

CVL filed its motion for leave to amend on October 23, 2013, which was the deadline to amend pleadings and add parties. *See* Doc. No. 159. GLCC has filed a resistance arguing CVL's motion should be denied because (a) it was unduly delayed, (b) it would unduly prejudice GLCC, (c) it is harassing and proffered in bad faith, (d) its proposed claims are futile and (e) this court should abstain from addressing claims that are identical to those in the pending Maryland case. Doc. No. 169.

## IV. ANALYSIS

CVL's motion is timely. Doc. No. 159. As such, it is not required to show good cause to allow the amendment under Rule 16(b), as would be the case if the motion was untimely. *See, e.g., Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). The motion is instead governed by the more-liberal standard set forth in Rule 15(a), which provides that leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Even under this standard, however, a timely motion to amend may be denied on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). GLCC has argued CVL's motion should be denied based on all of these grounds and for one additional reason. I will address each of its arguments below.

*A.* **Undue Delay**

GLCC argues CVL could have filed a motion to amend much earlier because its proposed new claims are very similar to those CVL asserts against Audio Now in the Maryland case, which was initiated in June 2012. Additionally, it states CVL threatened to amend its pleadings on multiple occasions beginning in March 2013 and did not have a reason to wait until now to file its motion to amend.

CVL acknowledges that its claims in the Maryland case are identical to the claims against Audio Now in its proposed second amended complaint. Doc. No. 163 ¶ 5. However, CVL points out that it did not allege any claims of conspiracy or collusion with GLCC and its affiliates and principals in the Maryland case because CVL was unaware of a factual basis for those claims when it filed suit against Audio Now.[5] CVL alleges it relied on Nelson's assurance that he ported the Program Numbers under threat of being sued by Audio Now and that it did not learn of the facts supporting the proposed new claims until GLCC produced documents in July 2013.

GLCC attempts to demonstrate that the factual allegations for the Maryland case and the proposed second amended complaint are the same by citing portions of the Maryland complaint and a Memorandum in Support of Motion for Preliminary Injunction filed by CVL. Doc. Nos. 169-2, 169-6. In its second amended complaint in the Maryland case, CVL alleges:

> Unbeknownst to CVL, at some point during the term of [its agreement with Audio Now], [Audio Now and Elan Blutinger, individually and t/a Audio Now], and each of them, planned and conspired amongst themselves, their affiliates, and others, including, upon information and belief, a GLCC affiliate, Comity Communications, LLC ("Comity") to interfere with the contract that CVL had with GLCC and to cause GLCC to contract directly with

---

[5] CVL filed a motion to stay the Maryland case pending resolution of its claims against Audio Now in this case if it is allowed to proceed with the claims in its second amended complaint. That motion was denied. *See* Doc. No. 175-1.

> Defendants and/or Comity, and to convert all of CVL's
> Exhibit B Telephone Numbers for such purpose.

Doc. No. 169-4 ¶ 18. While the factual allegations are similar in that they allege conspiracy to interfere with the CVL and Audio Now contract, GLCC fails to acknowledge one crucial difference — any alleged wrongdoing by GLCC or Nelson. Indeed, CVL states it only learned of this information when GLCC produced documents in July 2013 containing among other things: (a) an express written agreement between GLCC and Audio Now wherein Audio Now agreed to indemnify GLCC in connection with any claims by CVL and (b) a series of emails and letters between Nelson and Audio Now's counsel discussing the porting of the Program Numbers and the need to expedite the process to prevent CVL from obtaining a temporary restraining order.

I find that the factual basis that CVL relies on for its proposed second amended complaint is distinct from its Maryland complaint because it addresses wrongdoing by GLCC and Nelson in connection with the other parties. There is no evidence that CVL had a factual basis for all of its amended claims before July 2013, when GLCC belatedly produced hundreds of documents. I do not find that CVL unduly delayed its motion for leave to amend by filing it three months after discovering this evidence and within the deadline for amendments.

As for GLCC's second argument — that CVL has threatened to amend its complaint several times dating back to March 2013 — I find no reason why this demonstrates undue delay. If anything, it put GLCC on notice that CVL thought there was more to its case, which makes it more difficult for GLCC to claim prejudice from any delay. *See Bell*, 160 F.3d at 474 (stating that delay alone is insufficient justification and that prejudice to the nonmovant must also be shown). Additionally, it can hardly be said that any delay since March 2013 was solely CVL's fault given GLCC's well-documented delays in producing the documents CVL now relies on.

9

GLCC has failed to demonstrate that CVL knew of the facts supporting its proposed second amended complaint and waited an unreasonable time before filing its motion for leave to amend. Therefore, I will not deny CVL's motion on the ground of undue delay.

## B. Undue Prejudice

GLCC argues it has incurred substantial legal fees in this matter and that it will be unduly prejudiced if CVL is allowed to substantially change the nature of the case at this time. It cites *French v. Cummins Filtration, Inc.*, No. C11-3024-MWB, 2012 WL 2992096 (N.D. Iowa July 19, 2012), a case in which I denied a motion to amend a complaint based on plaintiff's failure to establish good cause under Federal Rule of Procedure 16. GLCC incorrectly states that I alternatively found there would be undue prejudice under Rule 15 if I had allowed the amendment.

The prejudice analysis in *French* was conducted under Rule 16, not Rule 15, in accordance with the analysis set forth in *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). In *Sherman*, the court noted that prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, but should not be considered unless the movant had been diligent in meeting the deadlines established in the scheduling order. *Sherman*, 532 F.3d at 716-17. In *French*, I found that the plaintiff had not been diligent but, even if he had, there would be undue prejudice because discovery had closed, a dispositive motion was pending and the plaintiff sought to materially change the case by alleging, for the first time, that his discharge from employment was based on actual or perceived disability rather than retaliation. *French*, 2012 WL 2992096, at *4. Notably, I also stated that the prejudicial consequences (such as reopening discovery, setting new deadlines and continuing trial) from an amendment may be acceptable when the nonmovant causes, or

bears some responsibility for, the need for an untimely amendment, but that was not the case there. *Id.*

By contrast, in this case CVL alleges it was not aware of facts supporting its proposed new claims until GLCC's July 2013 document production. GLCC produced these documents only after it was compelled to do so and, indeed, sanctioned for failing to comply with that discovery order. Therefore, GLCC is not blameless for a motion to amend at this stage of the case and the "substantial legal fees" that have accumulated.

Allowing CVL to proceed with the proposed claims in the second amended complaint will undoubtedly result in additional legal fees, deadline extensions and a continuance of the trial date. However, GLCC has not demonstrated beyond those obvious consequences how it would be *unduly* prejudiced by CVL's timely amendment, especially given its role in delaying discovery, which consequentially delayed CVL's motion. I find that CVL's motion should not be denied on the ground of undue prejudice.

## C.   *Harassing and Proffered in Bad Faith*

GLCC argues CVL's proposed amendment is harassing and proffered in bad faith because (a) it asserts claims against Comity and Nelson without justification for doing so and (b) it seeks to embarrass and harass Audio Now by bringing in its customers (Signal FM Haiti and Radio France) as defendants.

CVL has thoroughly outlined the factual basis for bringing in these additional defendants and offered an explanation for why it did not allege these claims earlier. I find its justification to be reasonable. Indeed, nothing in the record suggests CVL seeks to bring claims against Comity, Nelson and the Radio Station defendants in bad

faith or to harass those parties, other than GLCC's bare assertion that that is the case.[6] Because there is no evidence that CVL seeks to amend its complaint in bad faith or for purposes of harassment, I will not deny CVL's motion on this ground.

## D.     Futility of Claims

A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *See In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir. 2007); *Van Stelton v. Van Stelton,* 904 F. Supp. 2d 965, 969 (N.D. Iowa 2012); *Quality Refrigerated Services, Inc. v. City of Spencer,* 908 F. Supp. 1471, 1489 (N.D. Iowa 1995). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under the plausibility standard, there must be more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* A plaintiff need not provide "detailed factual allegations," under Rule 8, but it must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

I interpret the Rule 15 "futility" analysis to require denial of a motion for leave to amend only if it is clear that each of the proposed new claims would succumb to a Rule 12 motion to dismiss. This means, for example, that even if I am convinced *some* of the proposed new claims will depart from this case if challenged under Rule 12, I will allow the amendment if other claims appear to be viable. In other words, the entire proposed amendment must be futile to justify rejection of that amendment.

---

[6] GLCC's allegation of bad faith under these circumstances is somewhat ironic given its own prior decision to add the Blitz defendants to this case as third party defendants, only to later dismiss them after they filed a motion for summary judgment. Doc. Nos. 109, 144.

This also means that I am not conducting a full-blown Rule 12 analysis at this time. I will not deem a proposed new claim to be "futile" absent a high likelihood that it is doomed to near-certain failure. Thus, even if I have doubts about a particular claim, and suspect that it *might* be dismissed upon a Rule 12 motion, I will not deem it to be "futile" for purposes of Rule 15.

With these guidelines in mind, I will address GLCC's arguments concerning the alleged futility of CVL's proposed new claims:

### 1.     *Claims Against Nelson*

GLCC argues the following proposed claims against Nelson are futile:

|          |          |
|----------|----------|
| Count VII | Fraudulent Inducement |
| Count VIII | Fraudulent Misrepresentation |
| Count IX | Intentional Interference with Existing Contract and Business Relationships |
| Count X | Intentional Interference with Prospective Business Advantage |
| Count XIX | Civil Conspiracy |

Beginning with the fraud-based claims, GLCC correctly points out that these claims are subject to a heightened pleading standard. *See* Federal Rule of Civil Procedure 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). This particularity requirement "demands a higher degree of notice" for fraud claims than that required for other claims. *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). Thus, when pleading fraud a plaintiff must allege "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Commercial Prop. Inv., Inc. v. Quality Inns Int'l.*, 61 F.3d 639, 644 (8th Cir. 1995) (quoting *Bennett v.*

*Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982)). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.*

In *Brown v. North Central F.S., Inc.*, 987 F. Supp. 1150 (N.D. Iowa 1997), this court identified five considerations to be considered in determining whether a plaintiff has adequately plead a claim of fraud:

1.    the pleading of the identity of speaker and recipient;

2.    the pleading of the time, place, and manner of the alleged fraud;

3.    the pleading of the content of the alleged misrepresentation;

4.    the pleading of falsity and knowledge thereof; and

5.    the fraud pleadings taken as a whole.

*Id.* at 1153. Although Rule 9(b) allows "[m]alice, intent, knowledge, and other conditions of a person's mind" to be "alleged generally," this does not mean a plaintiff may base a fraud claim on "speculation and conclusory allegations." *Id.* at 1156. Instead, plaintiffs must "allege facts that give rise to a strong inference of fraudulent intent." *Id.*

GLCC argues CVL fails to meet the Rule 9(b) standard because it "fails to allege *facts* supporting its contention that Nelson made representations knowing they were false when made; without ever intending to honor the representations; and with the intent to mislead, deceive and induce CVL into moving forward with an agreement." Doc. No. 169 at 17 [emphasis in original]. GLCC points out that CVL and Audio Now did not have a customer relationship until 2010 and CVL and GLCC entered into its agreement (in which Nelson stated he would not steal CVL's customers) in 2009. It also states it was not until 2012 that GLCC allegedly stole Audio Now as a customer.

CVL bases its proposed fraud claims on Nelson's email to CVL in July 2009 which stated, "[a]ll of your redlines are fine. When I get back I will sign it. You can move forward now. I will not steal your customers. You are already protected." Doc. No. 163 ¶ 100. CVL alleges that Nelson never signed the contract and made these

14

misrepresentations with the intent to mislead, deceive and induce CVL to move forward with the agreement, pay for the Program Numbers and route telephone traffic through GLCC, which would generate substantial income and profits for GLCC and allow it to later circumvent CVL and contract directly with CVL's customers. *Id.* ¶¶ 101-02. It alleges Nelson, GLCC and Comity stood to make significant profits if CVL fell for Nelson's scheme. *Id.*

I agree with GLCC that CVL's fraud allegations are somewhat lacking, especially on the question of whether Nelson made representations with knowledge of their falsity. CVL's fraud-based claims, as currently plead, may very well succumb to a Rule 12 motion. I cannot state with certainty, however, that this will be the case. Moreover, as noted above, I will not deny the proposed amendment on grounds of futility simply because some, but not all, of the claims are especially weak. Thus, while I harbor serious doubts about CVL's fraud-based claims, those doubts are not sufficient to justify denial of CVL's motion for leave to amend.

GLCC also argues the proposed tort claims against Nelson are futile. It contends Nelson cannot be held liable for intentional interference with existing contract and business relationships because Audio Now had the right to terminate that relationship without cause upon 60 days' notice, which is what it did. GLCC points out that under Iowa law,[7] the following factors are relevant in analyzing whether Nelson's conduct was improper:

> (a) the nature of the act or conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interest sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interest of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.

---

[7] CVL's proposed new claims may give rise to choice-of-law issues. At this time, I only note Iowa law as cited by GLCC in support of its arguments.

*Home Show Tours, Inc. v. Quad City Virtual, Inc.*, 827 F. Supp. 2d 924, 945 (S.D. Iowa 2011). GLCC argues these factors weigh in Nelson's favor. Furthermore, it argues CVL's pleading is deficient because it did not allege that Audio Now improperly and untimely terminated the agreement. Therefore, it contends, Nelson cannot be liable for "improperly" inducing Audio Now to terminate its relationship with CVL. In other words, GLCC seems to be arguing that to allege intentional interference with existing contract and business relationship against Nelson, CVL has to allege that Audio Now improperly terminated the agreement.

This is incorrect. The elements of intentional interference with an existing contract/prospective business advantage under Iowa law are:

(1)     The plaintiff had a contract/prospective business advantage with [a third person].

(2)     The defendant knew of the contract/prospective relationship

(3)     The defendant intentionally and improperly interfered with the contract/prospective relationship

(4)     The interference caused [a third person] not to perform the contract/enter into the prospective relationship

(4)(a)  The interference caused plaintiff's performance of the contract to be more burdensome or expensive or prevent the plaintiff from entering/continuing the prospective relationship

(5)     The amount of damage

*Nesler v. Fisher and Co., Inc.*, 452 N.W.2d 191, 198-99 (Iowa 1990). CVL is not required to allege Audio Now acted improperly in terminating the agreement. Instead, CVL must allege that *Nelson* acted improperly (and intentionally) and that these actions interfered with the agreement. For purposes of Rule 15, I find that CVL has sufficiently plead the claim of intentional interference with existing contract and business relationships against Nelson.

16

GLCC argues CVL's claim of intentional interference with prospective business advantage is futile because CVL does not set forth any facts to support a loss of business. It also argues that CVL does not adequately allege that Nelson's sole or predominant purpose was to financially injure or destroy CVL because it also alleges that the numbers were ported away from CVL for the benefit of defendants.

In this proposed claim, CVL alleges it had "potential business relationships with numerous marketing partners to act as referral agents for the purpose of generating voice minutes that consumers use when accessing telephone numbers that had been assigned to CVL by GLCC." Doc. No. 163 ¶ 123. It states Nelson "surreptitiously and with less than one day's notice, delivered the final blow to CVL's business by disconnecting CVL's equipment located at GLCC's Iowa facility and placing all such equipment in the hallway. Such actions destroyed CVL's equipment, and rendered the remaining Program Numbers unusable." *Id.* CVL alleges it had expected to use those Program Numbers even when its business relationship with GLCC ended, including any Program Numbers that were not ported to Audio Now. *Id.* ¶ 124. These facts are sufficient to support CVL's allegations of loss of potential business.

Also, contrary to GLCC's assertion that CVL did not adequately allege Nelson's motivation was to financially injure or destroy CVL, paragraph 126 clearly states "The actions of GLCC, Mr. Nelson and Audio Now were done with the intent to financially injure and destroy CVL." Doc. No. 163 ¶ 126. Under other proposed claims, CVL alleges the numbers were ported away for the benefit of the defendants. Doc. No. 163 ¶¶ 109, 118. As to this claim, CVL has sufficiently plead the elements and supporting facts. GLCC has failed to establish that this claim is futile.

Finally, GLCC argues CVL's civil conspiracy claim against Nelson should be deemed futile because it is not a separate cause of action and requires another viable claim. *See Cunningham v. PFL Life Ins. Co.*, 42 F. Supp. 2d 872, 884 (N.D. Iowa 1999). While GLCC is correct that civil conspiracy is not a stand-alone cause of action, I have rejected GLCC's argument that all of CVL's other proposed claims

17

against Nelson are futile. As such, GLCC's argument concerning civil conspiracy fails.

### 2. Claims Against Comity

GLCC alleges the following claims against Comity are futile:

| | |
|---|---|
| Count IX | Intentional interference with existing contracts and business relationships |
| Count XVI | Conversion of telephone numbers |
| Count XVII | Conversion of confidential information |
| Count XIX | Civil conspiracy |

With regard to the intentional interference claim, GLCC relies on the same arguments it asserted in contending that this claim is futile as against Nelson. For the reasons discussed *supra*, I find that this claim is not futile as alleged against Comity. CVL is not required to allege that Audio Now improperly terminated the agreement, only that Comity's improper and intentional conduct interfered with that agreement.

As to Count XVI — conversion of telephone numbers — GLCC argues that the claim is futile because telephone numbers cannot be converted, relying on *In re StarNet, Inc.*, 355 F.3d 634, 637 (7th Cir. 2004). In that case, the court noted generally that there is no property interest in a phone number and that the portability of phone numbers is governed by contracts, along with statutory rules and regulations. *Id.* at 637. CVL acknowledges that the issue of whether a telephone number can be the subject of a conversion claim is a novel one. It cites a case from the Northern District of Texas in which a defendant's motion to dismiss a conversion claim based on the disconnection and transfer of a phone number was denied. *See Staton Holdings, Inc. v. First Data Corp.*, No. Civ.A.3:04-CV-2321-P, 2005 WL 1164179, *6 (N.D. Tex. May 11, 2005). As with CVL's fraud-based claims, I am skeptical of this conversion claim. However, because it is a novel legal theory and does not appear to be utterly baseless, I do not find it to be futile for purposes of this Rule 15 analysis.

18

GLCC next argues the claim of conversion of confidential information is futile because (a) CVL has failed to set forth facts regarding any "confidential information" that was allegedly converted, (b) Comity cannot be liable for converting confidential information because the confidentiality clause CVL relies on is in the agreement between CVL and Audio Now and (c) the agreement between CVL and Audio Now specifies that each party retains the authority to use and share its own "confidential information" and information which is "readily available to the general public" (such as telephone numbers) is not confidential information.

GLCC's arguments do not demonstrate futility of this proposed claim. CVL alleges that the confidential information at issue is that which was contemplated within paragraph 5.0 of its agreement with Audio Now. Doc. No. 163 ¶ 172. This is defined in paragraph 29 of the factual allegations of the second amended complaint. CVL's claim is based on factual allegations that Comity, GLCC and Audio Now schemed together to port CVL's Program Numbers directly to Audio Now and cut CVL out as the middle man. Doc. No. 163 ¶ 36. It alleges that to carry out this scheme, Audio Now divulged CVL's confidential business information, which was prohibited by their agreement. *Id.* ¶ 37.

For purposes of Rule 15, I find these allegations are sufficient to meet the plausibility standard. *See Iqbal*, 556 U.S. at 678 (stating that Rule 8's pleading requirement of a short and plain statement does not require "detailed factual allegations" but must be more than an unadorned, the defendant-unlawfully-harmed-me accusation). Furthermore, this is not the appropriate stage of the case to determine what constituted "confidential information" under the agreement between CVL and Audio Now, especially since GLCC is not a party to that agreement. For these reasons, I find that CVL's claim of conversion of confidential information against Comity cannot be deemed futile for the reasons advanced by GLCC.

Finally, GLCC again argues that CVL's civil conspiracy claim against Comity is futile, relying on *Cunningham* and its contention that CVL has no other viable claims

19

against Comity. *See Cunningham*, 42 F. Supp. 2d at 884. Because I have determined that CVL's other claims against Comity are not futile, this argument fails.

### 3.   *Claims Against Audio Now, FM Haiti and Radio France*

GLCC argues CVL's proposed claims against Audio Now and the Radio Station defendants are futile because (a) the contract between CVL and Audio Now requires venue in Baltimore City, Maryland, for any dispute that arises out of or is related in any way to the contract and (b) this court lacks personal jurisdiction over the Radio Station defendants.

In its proposed second amended complaint, CVL asserts that venue is proper pursuant to 28 U.S.C. § 1391 because this court is within a judicial district where a defendant has its principal place of business and because a substantial part of the events or omissions on which CVL's claims are based occurred within this district. Doc. No. 163 ¶ 4. GLCC relies on the alleged terms of CVL's contract with Audio Now to argue venue is not appropriate as to Audio Now. That contract is not part of the record in this case. It would be improper to deny CVL leave to pursue claims against Audio Now based solely on *GLCC's* representations about a contract to which it is not a party.

To support personal jurisdiction over the Radio Station defendants, CVL asserts:

> For all times referenced in this Complaint, over a term of several years, in exchange for a fee, [Radio Station defendants] continuously and systematically caused hundreds of thousands of minutes of its radio programming to be transmitted through GLCC through thousands of separate telephone calls through CVL and Audio Now's servers and equipment resident in Spencer, Iowa.

Doc. No. 163 ¶¶ 10-11. CVL argues that it has not yet had the opportunity to conduct comprehensive jurisdictional discovery over these entities. It contends that it has offered more than speculation or conclusory allegations about the Radio Station

defendants' contacts with Iowa such that its claims against those defendants cannot be deemed futile.

The Radio Station defendants may turn out to have valid arguments concerning personal jurisdiction. However, at this stage of the case I agree with CVL that it has alleged at least a colorable connection between the Radio Station defendants and the forum state. As such, I find that CVL's claims against Audio Now and the Radio Station defendants cannot be deemed "futile" under Rule 15 on grounds of improper venue or lack of personal jurisdiction.

GLCC has failed to demonstrate that CVL's proposed amendment is futile. As such, I will not deny CVL's motion for leave to file a second amended complaint on that basis.

### E.    *Claims Being Pursued in Maryland State Court*

GLCC argues this court should abstain from addressing claims that are already being litigated in the Maryland case. CVL has asserted the following causes of action against Audio Now and Elan Blutinger, Individually and t/a Audio Now, in that case:

| | |
|---|---|
| Count I | Request for Declaratory Relief |
| Count II | Request for Preliminary and Permanent Injunctions |
| Count III | Breach of Contract |
| Count IV | Conversion of the Exhibit B Telephone Numbers |
| Count V | Conversion of Confidential Information |
| Count VI | Unjust Enrichment |
| Count VII | Intentional Interference with Contract |
| Count VIII | Intentional Interference with Prospective Advantage |

Doc. No. 169-2. CVL's proposed claims against Audio Now in this case include:

| Count X | Intentional Interference with Prospective Business Advantage (Against Audio Now, GLCC and Josh Nelson) |
|---|---|
| Count XI | Breach of Contract |
| Count XII | Unjust Enrichment (Confidential Information) |
| Count XIII | Unjust Enrichment (Program Numbers) |
| Count XIV | Intentional Interference with Existing Contracts and Business Relationships |
| Count XV | Intentional Interference with Prospective Business Advantage (Against Audio Now and Radio Station defendants) |
| Count XVI | Conversion of the Program Numbers |
| Count XVII | Conversion of Confidential Information |
| Count XIV | Civil Conspiracy |

Doc. No. 163.

GLCC argues that the claims in the Maryland case are nearly identical to CVL's proposed claims against Audio Now. It contends this court should abstain from addressing those claims because (a) the Maryland state court has a strong interest in the pending state court action given CVL's status as a Maryland company and (b) the Maryland case affords an adequate opportunity for CVL to raise federal questions.

CVL acknowledges that the claims in the Maryland case are identical to its claims against Audio Now in the proposed second amended complaint, except for the claims alleging conspiracy and collusion with GLCC and its affiliates and principals. Doc. No. 163 ¶ 5. However, CVL argues that the court should refrain from considering GLCC's abstention argument at this time and should address abstention only if that issue is raised by Audio Now.

I agree with CVL that it is premature to consider an abstention argument at this stage of the proceedings. Audio Now may raise that issue after being added to this case. The parties will then have an opportunity to fully brief the relevant factors. I

will not deny CVL's motion to amend simply because it has asserted similar claims against a proposed new party in another jurisdiction.

## V. CONCLUSION

For the reasons set forth herein:

1. CVL's motion (Doc. No. 163) for leave to file a second amended complaint is **granted.** The Clerk shall detach the proposed second amended complaint (Pages 8 through 47 of Doc. No. 163) from the motion and docket it as the second amended complaint in this case.

2. The existing scheduling order and discovery plan (Doc. No. 66) is hereby **vacated**. Trial, which is currently scheduled to begin April 21, 2014, is hereby **continued**. The final pretrial conference, which is currently scheduled to take place on April 8, 2014, is **canceled**.

3. CVL shall act as quickly as practicable to effect service on all new defendants. Within ten (10) days after the last of the new, named defendants has appeared in this case, counsel for all parties shall meet and confer in accordance with Federal Rule of Civil Procedure 26(f) for purposes of discussing and preparing a new proposed scheduling order and discovery plan. That document shall be submitted pursuant to Local Rule 16(b) no later than **February 3, 2014**, unless CVL seeks and obtains an extension of this deadline. Upon review of that document, I will determine the need for a scheduling conference. Trial, and the final pretrial conference, will then be rescheduled by separate order.

**IT IS SO ORDERED.**

**DATED** this 4th day of December, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE