IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY VOICE LINE, L.L.C., a Maryland limited liability company,<br><br>Plaintiff,<br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa corporation,<br><br>Defendant. | No. C 12-4048-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

_____

This case is before me on defendant GLCC's December 18, 2013, Objection To Order Granting Motion For Leave To File Second Amended Complaint (Objections) (docket no. 195), seeking review of United States Magistrate Judge Leonard T. Strand's December 4, 2013, Order Granting Plaintiff's Motion For Leave To File Second Amended Complaint (docket no. 186).[1] GLCC filed a Supplemental Affidavit Of Anthony L. Osborn In Further Support Of [GLCC's] Objection To Order Granting Motion For Leave To File Second Amended Complaint (docket no. 204) on January 3, 2014. Plaintiff CVL filed its Response (docket no. 208) on January 15, 2014, and

---

[1] I am aware that two other motions by GLCC, GLCC's October 23, 2013, Motion For Summary Judgment (docket no. 162), and GLCC's November 27, 2013, Motion To Strike Portions Of [CVL's] Resistance To Motion For Summary Judgment (docket no. 185), have been pending longer. I have chosen to address first the latest filed of GLCC's pending motions, because it is the motion that is most likely to delay further proceedings, if it is not resolved expeditiously.

GLCC filed a Reply (docket no. 212) in further support of its Objections on January 17, 2014.

In the challenged Order, Judge Strand granted plaintiff CVL's contested October 23, 2013, Motion For Leave To File Second Amended Complaint (docket no. 163), which CVL admitted sought leave to change significantly the nature of this lawsuit by adding five named defendants and ten "John Doe" defendants and seventeen counts, including several new counts against existing defendant GLCC. Judge Strand also vacated the existing scheduling order and discovery plain; continued the trial, which was then scheduled to begin on April 21, 2014; directed service on all new defendants; and directed the parties to file a new proposed scheduling order and discovery plan not later than February 3, 2014. In its Appeal, GLCC asserts that Judge Strand's Order was contrary to law and/or clearly erroneous in numerous respects.

The pertinent parts of the statute and rules authorizing the powers of a magistrate judge, 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and N.D. IA. L.R. 72.1, all provide for review by a district judge of a magistrate judge's order on non-dispositive motions assigned to him or her to which objections have been filed. Where a litigant does not file a timely objection to a magistrate judge's order, triggering review by a district judge, the litigant "may not challenge the [magistrate judge's] order on appeal." *McDonald v. City of Saint Paul*, 679 F.3d 698, 709 (8th Cir. 2012). Section 636(b)(1)(A) and Rule 72(a) both specify that such review allows the district judge to modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law." *See also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." (citing § 636(b)(1)(A)). Although the Eighth Circuit Court of Appeals does not appear to have clarified the meaning of "clearly

2

erroneous" in the context of a district court's review of a magistrate judge's ruling, the appellate court's formulation of the "clearly erroneous" standard for its own review of a lower court's ruling is as follows:

> A district court clearly errs if its findings are "not supported by substantial evidence in the record, if the finding[s are] based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error has been made." *Ostenfeld ex rel. Estate of Davis v. Delo*, 115 F.3d 1388, 1393 (8th Cir. 1997).

*Story v. Norwood*, 659 F.3d 680, 685 (8th Cir. 2011). Like other courts, I have read "contrary to law" within the meaning of Rule 72(a) (and, hence, § 636(b)(1)(A)) to mean failure to apply or misapplication of relevant statutes, case law, or rules of procedure. *See United States v. Melton*, 948 F. Supp. 2d 998, 1002 (N.D. Iowa 2013) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

I have reviewed the challenged portions of Judge Strand's Order and the only firm and definite conviction that I am left with is that GLCC's objections smell more of "working the file" than of a good faith challenge to portions of Judge Strand's Order on which reasonable people could disagree. Certainly, GLCC has pointed to no part of the Order that is plainly contrary to controlling case law, statutes, or rules. At most, GLCC has pointed to instances where other courts have resolved similar issues differently, but even then, GLCC has failed to demonstrate that those issues were raised in sufficiently similar contexts to suggest that Judge Strand's resolutions were even arguably "misapplications" of controlling case law, statutes, or rules. Thus, I find no part of Judge Strand's Order that is "contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *see, e.g., Melton*, 948 F. Supp. 2d at 1002.

Nor do I find any part of Judge Strand's Order to be "clearly erroneous." *Id.*; FED. R. CIV. P. 72(a); *Story*, 659 F.3d at 685. I find that all of the challenged findings

3

are well-supported by the record, including, in particular, Judge Strand's finding that the Second Amended Complaint asserts claims that are similar to those pending in a related lawsuit in Maryland state court, but that they are "crucially different," because the claims in the Maryland lawsuit allege that *wrongdoing of others* caused GLCC to violate its agreements with CVL, while the claims in this action allege that GLCC was a *full participant* in that wrongdoing, not a victim or tool of others; that CVL's prior threats to amend its complaint did not demonstrate that CVL unreasonably delayed *filing* the motion to amend until it had discovered sufficient factual basis for the amendment; that GLCC's misconduct in discovery was substantially responsible for CVL's inability to assert the amended claims sooner; and that GLCC will not be prejudiced by granting CVL leave to assert all of its claims of GLCC's alleged misconduct, and the allegedly related misconduct of others, in this lawsuit.

Finally, I find that Judge Strand's conclusion that the proposed amendment should be allowed over GLCC's "futility" objections—many of which GLCC asserts on behalf of new defendants who will have their own opportunity to challenge the claims against them on Rule 12 grounds—is neither contrary to law nor clearly erroneous, even though Judge Strand stated that he would not deny leave to amend unless *all* of the proposed new claims were "futile." At most, GLCC has shown that courts *may* consider the "futility" of proposed new claims piecemeal, but not that courts *must* do so. Judge Strand did not find *any* claims to be "futile," even if he considered some of them weak, and he properly left most of GLCC's "futility" challenges for consideration at the proper procedural stage, that is, on Rule 12 motions in response to the Second Amended Complaint by the appropriate parties, including GLCC.

THEREFORE, defendant GLCC's December 18, 2013, Objection To Order Granting Motion For Leave To File Second Amended Complaint (docket no. 195) is **overruled**, and United States Magistrate Judge Leonard T. Strand's December 4, 2013,

4

Order Granting Plaintiff's Motion For Leave To File Second Amended Complaint (docket no. 186) is **affirmed**.

    **IT IS SO ORDERED**.

    **DATED** this 23rd day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA