# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| COMMUNITY VOICELINE, L.L.C., a Maryland limited liability company,<br><br>　　　　Plaintiff,<br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa corporation; ALPINE AUDIO NOW, L.L.C., a Delaware limited liability company; JOSH NELSON; FRANCE MEDIAS MONDE t/a RADIO FRANCE INTERNA-TIONALE; SIGNAL FM HAITI; and JOHN DOES 1 THROUGH 10,<br><br>　　　　Defendants. | No. C 12-4048-MWB<br><br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT GLCC'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE** |

_____

　　This case originated as a diversity action by plaintiff Community Voiceline, L.L.C. (CVL), a Maryland limited liability company, which provides conference call services, recorded content, audio streams, and other business services, alleging claims of breach of contract and unjust enrichment. The original defendant was Great Lakes Communication Corporation (GLCC), an Iowa competitive local exchange carrier (CLEC), which provides local telephone services, other related telecommunications services, and, more specifically, "hosting" of the telephone numbers that CVL's customers would call to obtain CVL's services. CVL's original claims against GLCC arose from GLCC's alleged failure to pay CVL a marketing fee or commission from revenues that GLCC collected from originating carriers for calls from CVL's customers to CVL's telephone numbers "hosted" by GLCC.

On December 4, 2013, United States Magistrate Judge Leonard T. Strand granted CVL leave to file its Second Amended Complaint (docket no. 187), adding five named defendants, ten "John Doe" defendants, and seventeen new counts, including several new counts against existing defendant GLCC. In a Memorandum Opinion And Order (docket no. 213), filed January 23, 2014, I overruled GLCC's December 18, 2013, Objection To Order Granting Motion For Leave To File Second Amended Complaint (docket no. 195), and affirmed Judge Strand's December 4, 2013, Order Granting Plaintiff's Motion For Leave To File Second Amended Complaint (docket no. 186).

As I noted in my January 23, 2014, Memorandum Opinion And Order, two other motions by GLCC had then been pending longer: GLCC's October 23, 2013, Motion For Summary Judgment (docket no. 162), and GLCC's November 27, 2013, Motion To Strike Portions Of [CVL's] Resistance To Motion For Summary Judgment (docket no. 185). Although I chose to address, first, the latest filed of GLCC's pending motions, because it was the motion that was most likely to delay further proceedings, if it was not resolved expeditiously, I am now able to reach the earlier-filed motions. These motions have been fully briefed, and I find it unnecessary to hear oral arguments on them.

I turn, first, to GLCC's November 27, 2013, Motion To Strike Portions Of [CVL's] Resistance To Motion For Summary Judgment (docket no. 185), as it may determine the record that I can properly consider on GLCC's Motion For Summary Judgment. GLCC is correct that both a motion for summary judgment and a resistance to such a motion can only be based on admissible evidence. *See, e.g.*, FED. R. CIV. P. 56(e) (affidavits in resistance to summary judgment must be based on admissible evidence); *Brooks v. Tri–Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible evidence cannot be used to defeat summary judgment). As a general matter, however, I find it unnecessary to strike specific factual statements pursuant to GLCC's challenges to the admissibility of the underlying evidence, because I find that I

can simply disregard portions of any statements of fact that are not supported by admissible evidence. *See, e.g., Baxter v. Briar Cliff College Group Ins. Plan*, 409 F. Supp. 2d 1108, 1118–19 (N.D. Iowa 2006) (declining to strike challenged portions of the record, because the court could simply disregard inadmissible evidence in its disposition of the summary judgment motion). More specifically, until and unless I determine that a specific allegation of undisputed fact or allegation that the fact is, indeed, disputed becomes critical to the determination of any issue on summary judgment, I need not and will not indulge the parties in an assessment of the admissibility of the evidence supporting each and every challenged factual allegation.

This course is all the more appropriate, because I find that GLCC's "admissibility" objections are simply wrong-headed. GLCC contends, *inter alia*, that CVL's challenges to what GLCC now contends is a writing memorializing the parties' agreement, including a "limitation of liability" clause that would preclude or limit CVL's recovery, are not based on evidence made inadmissible by Rule 1004 of the Federal Rules of Evidence. To the contrary, the evidence on which CVL relies for these challenges falls squarely within the ambit of Rule 1004, because CVL has made an adequate showing that there is "other evidence" of the content of any writing memorializing the parties' agreement, but that all the originals are lost or destroyed, and not by CVL acting in bad faith. FED. R. EVID. 1004(a). Nor do I find at all persuasive GLCC's arguments that CVL's responses to GLCC's statements of material facts or CVL's statements of additional material facts "lack adequate foundation," where CVL relies on testimony of the persons involved in negotiation and management of CVL's contracts.[1] GLCC's Motion To Strike smacks

---

[1] While several paragraphs of CVL's Statement Of Additional Material Facts Which Preclude Summary Judgment (docket no. 179-1) are prolix and argumentative, such that they do not conform to the requirements in N.D. IA. L.R. 56(b) that "[e]ach

more of an attempt to *delay, impede, or prevent* consideration of relevant evidence than an attempt to preclude consideration of inadmissible evidence. GLCC's Motion To Strike is denied.

Having settled the question of what record I can consider on GLCC's Motion For Summary Judgment, I turn to that Motion For Summary Judgment on CVL's original breach-of-contract and unjust-enrichment claims against GLCC. GLCC argues that any recovery of money damages on CVL's breach-of-contract claim is barred or, in the alternative, limited to unpaid fees, by a "limitation of liability" clause in an unsigned "red-lined" version of a draft contract that GLCC now contends is the "final" written memorialization of the parties' agreement. GLCC also argues that an "unjust enrichment" claim is barred by the undisputed existence of an express agreement between the parties. CVL disputes that the unsigned "red-lined" draft is the parties' "final" written memorialization of their agreement and asserts that, to the contrary, the parties exchanged other "red-lined" drafts and that they may never have reached a meeting of the minds on the terms of an express agreement. Because the existence and terms of an express agreement are in doubt, CVL argues that it is properly asserting an alternative claim of "unjust enrichment" against GLCC that should also be submitted to the trier of fact.

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing

---

individual statement of additional material fact must be concise [and] numbered separately," it does not appear to me that GLCC has been unable to respond adequately to CVL's statements of additional material facts.

4

the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, "[t]he movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). In response, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

When the parties have met their burden, the district judge's task is as follows:

> "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, ---U.S. ----, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci*, 129 S. Ct. at 2677, quoting *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348.

*Torgerson*, 643 F.3d at 1042-43.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012). However, summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

GLCC's Motion For Summary Judgment on the merits of CVL's claims may also be disposed of quite briefly, in light of genuine issues of material fact on various elements of CVL's breach-of-contract and unjust enrichment claims, the "governing law" against which the parties' factual contentions must be measured on summary judgment. *See Anderson*, 477 U.S. at 248. As the Iowa Supreme Court has explained,

> To prevail on a breach of contract claim, [the claimant] [i]s required to prove: (1) the existence of a contract, (2) the terms and conditions of the contract, (3) that [the claimant] has performed all the terms and conditions required under the contract, (4) the [opposing party's] breach of the contract in some particular way, and (5) that [the claimant] has suffered damages as a result of [the opposing party's] breach. *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998).

*Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010); *see Hagen v. Siouxland Obstetrics & Genecology, P.C.*, 934 F. Supp. 2d 1026, 1053 (N.D. Iowa 2013) (citing *Royal Indem. Co.*, 786 N.W.2d at 846, for the elements of a breach-of-contract claim under Iowa law); *Nationwide Agribusiness Ins. Co. v. SMA Elevator Constr., Inc.*, 816 F. Supp. 2d 631, 688 (N.D. Iowa 2011) (citing *Molo Oil Co.*, 578 N.W.2d at 224, for the same elements). GLCC contends that a particular "red-lined" version of a contract, which includes a "limitation of liability" clause, is undisputedly the written embodiment of the parties' oral agreement. A careful review of the record,

however—viewing the facts in the light most favorable to CVL and leaving to the jury credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, as I must on a motion for summary judgment, *Torgerson*, 643 F.3d at 1042-43—demonstrates that there are genuine issues of material fact on at least the existence and terms of any agreement between the parties and whether GLCC breached any such agreement. *See Royal Indem. Co.*, 786 N.W.2d at 846 (first, second, and fourth elements of a breach-of-contract claim under Iowa law). Somewhat more specifically, there are genuine issues of material fact on the parties' negotiations, whether and when any agreement or agreements between the parties were finalized, the existence and the terms of the contract or contracts between the parties, whether the parties performed or breached the terms of any agreements, and the parties' actual course of dealing. GLCC is not entitled to summary judgment on CVL's breach-of-contract claim against it.

The Eighth Circuit Court of Appeals has explained, "To recover for unjust enrichment [under Iowa law], [the plaintiff] must show: '(1) [the defendant] was enriched by the receipt of a benefit; (2) the enrichment was at the expense of [the plaintiff]; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances.'" *Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 666 F.3d 1099, 1112 (8th Cir. 2012) (quoting *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 149 (Iowa 2001)). "Unjust enrichment" is a species of implied contract. *See Iowa Waste Sys., Inc. v. Buchanan Cnty.*, 617 N.W.2d 23, 29 (Iowa Ct. App. 2000). Of course, Iowa law permits a party to plead both "implied contract" and "express contract" claims, in the event the alleged express contract is found not to exist or is unenforceable. *See, e.g., Union Pac. R.R. Co. v. Cedar Rapids & Iowa City Ry. Co.*, 477 F. Supp. 2d 980, 997 (N.D. Iowa 2007) (applying Iowa law); *GreatAmerica Leasing Corp. v. Rohr–Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 997 (N.D. Iowa 2005) (applying Iowa law).

There is a difference between *pleading* alternative theories and *recovering* on alternative theories, however. Under Iowa law, "'[a]n express contract and an implied contract cannot coexist with respect to the same subject matter, and the law will not imply a contract where there is an express contract.'" *Scott v. Grinnell Mut. Reinsurance Co.*, 653 N.W.2d 556, 561 n.2 (Iowa 2002) (quoting *Giese Constr. Co. v. Randa*, 524 N.W.2d 427, 431 (Iowa Ct. App. 1994)); *accord Rogers v. Webb*, 558 N.W.2d 155, 158 (Iowa 1997) ("As a general rule in Iowa one who pleads an express contract cannot ordinarily recover upon an implied contract or quantum meruit." (citation and internal quotation marks omitted)); *Chariton Feed & Grain, Inc. v. Harder*, 369 N.W.2d 777, 791 (Iowa 1985); *Clemens Graf Droste Zu Vischering v. Kading*, 368 N.W.2d 702, 712 (Iowa 1985) ("[Iowa] law will not imply a contract where there is an express contract."); *see also Rambo Assocs., Inc. v. S. Tama Cnty. Cmty. Sch. Dist.*, 487 F.3d 1178, 1189 (8th Cir. 2007) (ruling that, under Iowa law, "an express contract necessarily trumps any implied one when there is a conflict between the two."); *GreatAmerica Leasing Corp.*, 387 F. Supp. 2d at 997 (applying Iowa law and noting "the near universal rule of contracts that an express contract and an implied contract cannot co-exist"). Stated differently, "[g]enerally the existence of a contract precludes the application of the doctrine of [implied contract]." *Johnson v. Dodgen*, 451 N.W.2d 168, 175 (Iowa 1990).

Here, although GLCC contends that the existence of an express agreement is undisputed, as I noted above, CVL has generated genuine issues of material fact on that question. Thus, this is a situation in which the viability of CVL's "unjust enrichment" claim may continue to be at issue even through trial, because there are genuine issues of material fact as to whether the alleged express contract can be found to exist or whether it is unenforceable. *See, e.g., Union Pac. R.R. Co.*, 477 F. Supp. 2d at 997. Because there are genuine issues of material fact about whether an express agreement existed and is enforceable, it is appropriate to submit the questions of the existence and enforceability

of the express contract to the trier of fact, as well as the alternative "implied contract" claim of unjust enrichment. *Torgerson*, 643 F.3d at 1042-43. Furthermore, CVL has generated genuine issues of material fact on each of the elements of its unjust-enrichment claim against GLCC. CVL has pointed to evidence that, viewed in the light most favorable to CVL and leaving credibility determinations to the trier of fact, *see id.*, suggests that GLCC has been enriched by the receipt of a benefit, in the form of fees from interstate carriers for traffic from CVL's customers to numbers "hosted" by GLCC; that such enrichment was at the expense of CVL, where GLCC has not paid CVL its full share of such fees; and it is unjust to allow GLCC to retain the benefit under the circumstances. *Lakeside Feeders, Inc.*, 666 F.3d at 1112. GLCC's Motion For Summary Judgment on CVL's unjust-enrichment claim is also denied.

THEREFORE, upon the foregoing,

1. GLCC's October 23, 2013, Motion For Summary Judgment (docket no. 162) is **denied**; and

2. GLCC's November 27, 2013, Motion To Strike Portions Of [CVL's] Resistance To Motion For Summary Judgment (docket no. 185) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 31st day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA