# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| COMMUNITY VOICE LINE, L.L.C., a Maryland limited liability company,<br><br>Plaintiff,<br>vs.<br><br>GREAT LAKES COMMUNICATION CORP., an Iowa corporation; COMITY COMMUNICATIONS, L.L.C., a Nevada limited liability company; ALPINE AUDIO NOW, L.L.C., a Delaware limited liability company; JOSH NELSON; FRANCE MEDIAS MONDE t/a RADIO FRANCE INTERNATIONALE; SIGNAL FM HAITI; and JOHN DOES 1 THROUGH 10,<br><br>Defendants. | No. C 12-4048-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT ALPINE AUDIO NOW'S MOTION TO DISMISS FOR** *FORUM NON CONVENIENS* |

___

This case is now before me on the renewed challenge by defendant Alpine Audio Now, L.L.C.—a Delaware limited liability company, which refers to itself simply as "AudioNow"—to litigating the plaintiff's claims against it in this forum. This case originated on May 15, 2012, as a diversity action by plaintiff Community Voice Line, L.L.C. (CVL), a Maryland limited liability company, which provides conference call services, recorded content, audio streams, and other business services, alleging claims of breach of contract and unjust enrichment. The original defendant was Great Lakes Communication Corporation (GLCC), an Iowa competitive local exchange carrier (CLEC), which provides local telephone services, other related telecommunications services, and, more specifically, "hosting" of the telephone numbers that CVL's

customers would call to obtain CVL's services. CVL's original claims against GLCC arose from GLCC's alleged failure to pay CVL a marketing fee or commission from revenues that GLCC collected from originating carriers for calls from CVL's customers to CVL's telephone numbers "hosted" by GLCC. On December 4, 2013, United States Magistrate Judge Leonard T. Strand granted CVL leave to file its Second Amended Complaint (docket no. 187), adding five named defendants, including AudioNow, ten "John Doe" defendants, and seventeen new counts, including several new counts against existing defendant GLCC, and I affirmed on January 23, 2014. Memorandum Opinion And Order (docket no. 213).

On March 10, 2014, AudioNow filed a Motion To Dismiss (docket no. 228) seeking dismissal of the claims against it in CVL's Second Amended Complaint for improper venue and lack of personal jurisdiction pursuant to Rule 12(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. CVL alleges that AudioNow "is engaged in the business of rebroadcasting foreign language radio station content accessible by calling telephone numbers," and that AudioNow engaged in various kinds of misconduct—sometimes in cahoots with GLCC and others—to usurp CVL's position as a "middleman" between content providers and GLCC. Second Amended Complaint (docket no. 187), ¶ 8 and Counts X-XVII and XIX [misnumbered XIV]. In a Memorandum Opinion And Order (docket no. 270), filed May 6, 2014, I denied AudioNow's Motion To Dismiss in its entirety. *See Community Voice Line, L.L.C., v. Great Lakes Commc'n Corp.*, ___ F. Supp. 2d ___, 2014 WL 1794450 (N.D. Iowa May 6, 2014). In the portion of that ruling pertinent here, I rejected AudioNow's improper venue challenge, which was based on AudioNow's contention that there is a valid and enforceable "forum selection clause" in the contract between CVL and AudioNow selecting the Circuit Court of Baltimore City, State of Maryland, as the exclusive venue for "any dispute arising under or relating to" the parties' Referral Agreement. *See* Second Amended Complaint, Exhibit A, ¶ 12.5. I

noted that AudioNow had belatedly acknowledged the Supreme Court's decision in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, ___ U.S. ___, 134 S. Ct. 568 (2013), but that it had missed the full import of that decision. Specifically, I found that *Atlantic Marine* made clear that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Constr. Co., Inc.*, ___ U.S. at ___, 134 U.S. at 480. Although I denied AudioNow's motion to dismiss for improper venue, because AudioNow had failed to show that this case had been laid in the *wrong* venue, I did leave open the door for AudioNow to file a motion properly challenging venue in this forum, on the basis of a forum-selection clause, pursuant to the *forum non conveniens* doctrine.

AudioNow subsequently walked through that door by filing its May 15, 2014, Motion To Dismiss For *Forum Non Conveniens* (docket no. 271), which is now before me. After an extension of time to do so, CVL filed its Resistance To [AudioNow's] Motion To Dismiss For *Forum Non Conveniens* (docket no. 280) on June 12, 2014. On June 19, 2014, AudioNow filed its Reply (docket no. 288) in further support of its present Motion. I find that oral arguments on AudioNow's Motion are unnecessary, and I will resolve that Motion on the parties' written submissions.

Of course, in the *forum non conveniens* analysis involving a forum-selection clause, the scope of the clause is ordinarily an important question. *See Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir. 1986), *abrogated on other grounds, Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989) (resolving a split in the circuits concerning the immediate appealability of a collateral final order); *see also Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 694 (8th Cir. 1997) (noting that "determining the scope of a forum selection clause is a rather case-specific exercise"). In my decision rejecting AudioNow's Motion To Dismiss for improper

venue, I found woefully inadequate the parties' briefing of the question of whether or not the forum-selection clause at issue in this case encompasses both contractual and tort (or other non-contractual) claims. The parties' arguments on that issue were, at best, conclusory, with no real assessment of the factual or legal relationship of the non-contractual claims to CVL's contract claims or the parties' contractual relationship. I also found that the parties had failed to assess, *inter alia*, whether the determination of the scope of the forum-selection cause is determined under Iowa law (the law of the forum state), Maryland law (in light of the choice-of-law and forum-selection clauses of the parties' contract), Eighth Circuit law (the law of this forum's federal appeals court), or Fourth Circuit law (the law of the federal appeals court for the circuit including Maryland).

This time, the parties have at least attempted to address the issue of the law governing the scope of the forum-selection clause. Unfortunately, their arguments concerning whether or not the forum-selection clause at issue in this case encompasses both contractual and tort (or other non-contractual) claims are still largely conclusory. In essence—and little more is offered, although oft repeated—AudioNow contends that all of the claims are within the scope of the forum-selection clause, because all involve the "Program Numbers" and/or "confidential information" identified in the parties' Referral Agreement. CVL contends, in essence, that it can prove its non-contract claims without relying on the terms of the parties' Referral Agreement. Fortunately, I find that the disposition of AudioNow's present Motion does not turn on the scope of the forum-selection clause in the parties' Referral Agreement.

This is so, because CVL concedes that the forum-selection clause applies to at least *some* of its claims against AudioNow. Specifically, CVL concedes that the forum-selection clause applies to the claims in Count XI (breach of contract), Count XII (unjust enrichment relating to confidential information), and Count XVII (conversion of

confidential information.[1]  Assuming—without deciding—that these claims are the *only* claims within the scope of the forum-selection clause, it would be inappropriate to require "piecemeal" resolution of CVL's claims against AudioNow in two fora by enforcing the forum-selection clause only as to some of CVL's claims.  *See Farmland Indus., Inc.*, 806 F.2d at 852 (rejecting such "piecemeal resolution" of claims, where the parties' dispute is "broader than the [forum-selection] clause").

Furthermore, even assuming—again without deciding—that *all* of CVL's claims against AudioNow fall within the scope of the forum-selection clause, I conclude that there are, nevertheless, good reasons *not* to enforce the forum-selection clause in this case.  CVL asserts that, before dismissing for *forum non conveniens*, the court must first determine whether there is an adequate alternative forum available to resolve the dispute and that there is such an adequate alternative forum only if *all defendants* are amenable to process in that alternative forum.  CVL contends that none of the defendants in this lawsuit, other than AudioNow, has jurisdictional ties to Maryland sufficient to support jurisdiction over them.  AudioNow counters that CVL could have joined all alleged co-conspirator defendants in Maryland under the Maryland conspiracy theory of personal jurisdiction.  CVL is correct that "[t]he doctrine of forum non conveniens presupposes that an adequate alternative forum is available to hear the case," and that one part of the

---

[1] CVL's other five claims against AudioNow are in Count X (intentional interference with prospective business advantages, also against GLCC and Josh Nelson), Count XIII (unjust enrichment relating to "Program Numbers"), Count XIV (intentional interference with existing contracts and relationships, also against Radio France Internationale, FM Haiti, and the John Does), Count XV (intentional interference with prospective business advantage, also against Radio France Internationale, FM Haiti, and the John Does), Count XVI (conversion of "Program Numbers," also against GLCC and Comity), and Count XIX [misnumbered XIV] (civil conspiracy).

5

test for adequacy of the alternative forum is whether "all parties are amenable to process and come within the jurisdiction of the forum." *Reid-Walen v. Hansen*, 933 F.2d 1390, 1393 n.2 (8th Cir. 1991). I do not believe that it is appropriate for me to determine the scope of Maryland's conspiracy theory of personal jurisdiction to determine whether *all defendants*, besides AudioNow, are amenable to personal jurisdiction in Maryland. *See Sinochem Int'l Co., Ltd. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (recognizing that a *forum non conveniens* dismissal allows a district court to "bypass[ ] questions of subject-matter and personal jurisdiction"). Suffice to say that there is some question as to whether or not all parties are amenable to process and come within the jurisdiction of the Maryland state court. *Id.*

What I find is determinative here is my consideration of the "public interest" factors in the *forum non conveniens* analysis. *Atlantic Marine Constr. Co., Inc.*, \_\_\_ U.S. at \_\_\_, 134 S. Ct. at 582 (when evaluating a dismissal for *forum non conveniens* in a case involving a forum-selection clause, "a district court may consider arguments about public-interest factors only"). The Supreme Court has explained,

> Public-interest factors may *include* "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." [*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)]. (internal quotation marks omitted).

*Atlantic Marine Constr. Co., Inc.*, \_\_\_ U.S. at \_\_\_, 134 S. Ct. at 581 n.6 (emphasis added). Additional "public interest" factors include "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). This is a non-exclusive list, however. *See Reid-Walen*, 933 F.2d at 1402 (Timbers, J., dissenting);

*see generally de Melo v. Lederle Labs., Div of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060-61 (8th Cir. 1986) (distinguishing between "factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests" (citing *Piper Aircraft Corp.*, 454 U.S. at 235)). I believe that additional "public interest" factors also include "fairness and judicial economy." *See Sinochem Int'l Co., Ltd.*, 549 U.S. at 432 (explaining that a dismissal on *forum non conveniens* grounds may be appropriate in light of "considerations of convenience, fairness, and judicial economy"); *accord In re Vistaprint, Ltd.*, 628 F.3d 1342, 1344-45 (Fed. Cir. 2010) (treating "judicial economy" as a "public interest" factor in a *forum non conveniens* analysis under 28 U.S.C. § 1404(a)); *Interface Partners Int'l, Ltd. v. Hananel*, 575 F.3d 97, 106 (1st Cir. 2009) (treating "judicial economy" as a "public interest" factor in a *forum non conveniens* analysis pursuant to *Gilbert*).

Ultimately, "[a]s the party acting in violation of the forum-selection clause, [CVL] must bear the burden of showing that public-interest factors overwhelmingly disfavor a [dismissal]." *Id*. at ___, 134 S. Ct. at 583. As the Supreme Court has also explained,

> Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is "conceivable in a particular case" that the district court "would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause," *Stewart [Org., Inc. v. Ricoh Corp.]*, [487 U.S. 22,] 30–31, 108 S.Ct. 2239 [(1988)], such cases will not be common.

*Atlantic Marine Constr. Co., Inc.*, ___ U.S. at ___, 134 S. Ct. at 582. This is such an uncommon or "unusual case."

After a review of applicable law, all of the relevant factors, and the parties' arguments, I will focus on the "public interest" factors that I find dispositive here. The first of these is "the local interest in having localized controversies decided at home."

7

*Atlantic Marine Constr. Co., Inc.*, ___ U.S. at ___, 134 S. Ct. at 581 n.6. I recognize that many of the parties to this litigation—such as CVL and AudioNow—are not Iowa corporations, entities, or individuals. Nevertheless, this controversy is "localized" to Iowa, because the focus of the entire litigation is on the use (and the alleged usurpation) of "program numbers" "hosted" by an Iowa CLEC, GLCC, use of facilities in Iowa to provide the caller services available on those "program numbers," and control of and revenues generated by termination of calls to those "program numbers." The nexus of all of the parties' interactions is also clearly in Iowa.

The second "public interest" factor with significant weight here is the fairness or unfairness of "burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6. Although AudioNow asserts that this factor weighs in favor of the Maryland forum, because no jury trial would be available on the claims at issue under Maryland law, the question of whether or not a jury would ultimately be available on the claims is not the relevant factor. Because I find that the Iowa forum is plainly *related* to the claims at issue, no citizens *in an unrelated forum* would be burdened with jury duty. *Id.*

Finally, "judicial economy," *see Sinochem Int'l Co., Ltd.*, 549 U.S. at 432, weighs heavily in favor of retaining this action against AudioNow in this forum. All of CVL's related claims, and various counterclaims of other parties to this litigation, ranging well beyond the scope of the dispute between CVL and AudioNow, are already venued here. As I have already observed, when rejecting AudioNow's prior motion for abstention, this action is not precisely "parallel" with the Maryland state court action, because this action "involves additional defendants (GLCC, Comity, and Nelson), additional claims (the claims against defendants other than AudioNow, including GLCC), and an additional "conspiracy" claim against AudioNow (and other defendants), and the two lawsuits arise from only some of the same alleged events, and involve only some of

the same damages, but not all of the same events and damages." Memorandum Opinion And Order (docket no. 270) at 12-13; *published at Community Voice Line, L.L.C.*, ___ ___ F. Supp. 2d at ___, 2014 WL 1794450 at *6. Piecemeal or duplicative litigation of the related claims by various parties in this case in various fora plainly offends notions of judicial economy and, indeed, notions of fairness.

THEREFORE, defendant AudioNow's May 15, 2014, Motion To Dismiss For Forum Non Conveniens (docket no. 271) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 7th day of July, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA